927 P.2d 235 (1996)
130 Wash.2d 700
The STATE of Washington, Respondent,
v.
Ricky Lee LEWIS, Petitioner.
No. 63704-1.
Supreme Court of Washington, En Banc.
Argued June 12, 1996.
Decided December 5, 1996.
Nielsen & Acosta, David B. Koch, Eric J. Nielsen, Seattle, for petitioner.
Norm Maleng, King County Prosecutor, Catherine Hendricks, Theresa L. Fricke and Cynthia Gannett, Deputies, Seattle, for respondent.
GUY, Justice.
A defendant in a criminal action asserts that the State used his pre-arrest silence against him as substantive evidence of his guilt in its case in chief in violation of the Fifth Amendment. We conclude that neither the State's witness nor the prosecutor in argument made any comment on the defendant's pre-arrest silence. We affirm the conviction.

Facts
The State charged Ricky Lee Lewis with the rape of R.M. and with the assault of J.S. based on two separate events which occurred several days apart. The charges were tried together. In testimony regarding the rape charge, the victim testified that Lewis provided her with drugs and later demanded sex in exchange for the drugs. She testified that Lewis told her she could not leave his apartment until she had sex with him, and that he showed her a rope and a leather strap and told her he had locked girls in the closet for up to a week if they refused him.
The rulings on the motions in limine apparently caused some confusion. Before trial, the defense moved to exclude any evidence of the defendant's behavior at the time of arrest. Specifically, the defense objected to the introduction of the evidence that the defendant had said at the time of arrest, "I didn't rape no bitch" or "I will talk to you *236 when I feel like it."[1] The trial court granted the defense motion in limine as to these statements.
Detective Steiger of the Seattle Police Department was one of the investigating officers who testified at trial. Just prior to Detective Steiger's testimony, defense counsel stated: "I had made a motion in limine concerning any reference to Mr. Lewis's perceived behavior during the arrest. There was an occasion in the course, once he was developed as a suspect, that there were some phone calls exchanged. He didn't keep meetings." Report of Proceedings at 158. The court responded that this was excluded in the motion in limine. The prosecutor expressed confusion about the trial court's prior decision. The trial court said, "what [defense counsel] is objecting to is that Detective Steiger is not going to tell about making appointments and then not keeping them and that sort of thing." Report of Proceedings at 159.
During trial, the prosecutor asked Detective Steiger if he had talked to the defendant on the telephone. The following testimony occurred:
A Yes. I did.
Q What was the nature of your conversation?
A I told him that we were investigating him for two incidents involving assaults on women.
Q And did you go into detail about what the allegations were?
A I told himmy recollection is that I told him or that he asked me if it was about women. He said those women were just at my apartment and nothing happened, and they were both just cokeheads. He was trying to help them is what he said.
Q Did he appear to know what women you were talking about?
A He did appear to? Yes.
Q And did you have any further conversation with him?
A I told himmy only other conversation was that if he was innocent he should just come in and talk to me about it.
Q Was there any other part in the investigation that you had anything else that you have done?
A I prepared a bulletin to be distributed to the patrol officers with Mr. Lewis's picture on the bulletin stating there was probable cause to arrest him for that crime, distributed to all patrol precincts, and I drove to his house at one point but nobody was home. And later, once I was notified when he was arrested by patrol, and then just prepared the filing of the case.
Q Do you know how much later it was that he was arrested?
A He was arrested for this case on January 17 of 1993. So it was a little over a month after the initial case came in.
Report of Proceedings at 162-64.
The defense made no contemporaneous objection to this testimony, but shortly after this exchange the jury left the courtroom. The defense moved for a mistrial, arguing that the above testimony had violated the court's ruling on the motion in limine. The trial court agreed that this did violate his order but denied the motion for a mistrial.
The officer did not testify about any appointments made and broken by the defendant. There was no mention at all by the prosecutor in closing argument about the defendant's refusal to speak with the police about the charges or about his failure to keep appointments with the officer.
The jury found the defendant guilty of rape and the trial court sentenced Lewis to a standard range sentence.
On appeal, the defense argued the trial court erred in denying the motion for a mistrial *237 after Detective Steiger's testimony because the testimony was a comment on the defendant's Fifth Amendment right to remain silent. The Court of Appeals, in an unpublished opinion, held that impeachment with pre-arrest silence does not violate a testifying defendant's right to remain silent. The court reasoned that although courts disagree as to whether a nontestifying defendant may be impeached with pre-arrest silence, Lewis testified in his own defense and the pre-arrest silence would have become admissible. We accepted review.

Issue
May a defendant's pre-arrest silence be used as substantive evidence of guilt in the State's case in chief? If it may not, did the testimony of the officer constitute an impermissible comment on the defendant's constitutional right to remain silent?

Analysis
The defense argues that Detective Steiger's testimony was a comment on the defendant's Fifth Amendment right to remain silent. The Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." The Fifth Amendment is applicable to the states through the Fourteenth Amendment. Griffin v. California, 380 U.S. 609, 619, 85 S.Ct. 1229, 1235, 14 L.Ed.2d 106 (1965).
We recognize there is a split of authority on the issue whether a defendant's pre-arrest silence can be used as substantive evidence of guilt when he or she does not take the stand. Compare Coppola v. Powell, 878 F.2d 1562 (1st Cir.), cert. denied, 493 U.S. 969, 110 S.Ct. 418, 107 L.Ed.2d 383 (1989); United States v. Caro, 637 F.2d 869 (2d Cir.1981); United States ex rel. Savory v. Lane, 832 F.2d 1011 (7th Cir.1987); United States v. Burson, 952 F.2d 1196 (10th Cir.1991), cert. denied, 503 U.S. 997, 112 S.Ct. 1702, 118 L.Ed.2d 411 (1992), with United States v. Rivera, 944 F.2d 1563, 1567-68 (11th Cir. 1991); United States v. Zanabria, 74 F.3d 590 (5th Cir.1996). The United States Supreme Court has not yet decided this issue. See United States v. Thompson, 82 F.3d 849 (9th Cir.1996) (no controlling Supreme Court precedent applies to the question whether pre-Miranda silence can be used as substantive evidence of guilt).
We accepted review of this case as a companion case to State v. Easter, 130 Wash.2d 228, 922 P.2d 1285 (1996). In Easter, we resolved this issue. We held that a defendant's pre-arrest silence, in answer to the inquiries of a police officer, may not be used by the State in its case in chief as substantive evidence of defendant's guilt. In Easter, the police officer offered his opinion to the jury that Mr. Easter was hiding his guilt when he told the jury that Mr. Easter was a "smart drunk." The State then emphasized Mr. Easter's pre-arrest silence many times during closing argument.
Since we have concluded that pre-arrest silence is not admissible as substantive evidence of an accused's guilt, the question becomes whether Lewis's silence was used as evidence of his guilt. A police witness may not comment on the silence of the defendant so as to infer guilt from a refusal to answer questions. However, we conclude that is not what occurred in this case. The detective did not say that Lewis refused to talk to him, nor did he reveal the fact that Lewis failed to keep appointments. The officer did not make any statement to the jury that Lewis's silence was any proof of guilt. The only thing the detective told the jury is that the defendant told him that "those women were just at my apartment and nothing happened, and they were both just cokeheads," and that "[Lewis] was trying to help them is what he said." Report of Proceedings at 163. This is consistent with Lewis's later testimony.[2] Unlike the officer's testimony in the *238 Easter case, which included the officer's opinion that Mr. Easter was hiding his guilt with his silence[3], the officer in this case made no comment on Lewis's silence. The only statement he made was that Lewis had told him he was innocent.
There was no statement made during any other testimony or during argument by the prosecutor that Lewis refused to talk with the police, nor is there any statement that silence should imply guilt. Most jurors know that an accused has a right to remain silent and, absent any statement to the contrary by the prosecutor, would probably derive no implication of guilt from a defendant's silence. See Tortolito v. State, 901 P.2d 387, 390 (Wyo.1995) (citing Parkhurst v. State, 628 P.2d 1369 (Wyo.), cert. denied, 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981) (a mere reference to silence which is not a "comment" on the silence is not reversible error absent a showing of prejudice)). A comment on an accused's silence occurs when used to the State's advantage either as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt. Tortolito, 901 P.2d at 391. That did not occur in this case.
A trial court's denial of a motion for a mistrial is reviewed under an abuse of discretion standard and the court should grant a mistrial only when the defendant has been so prejudiced that nothing short of a new trial can insure that the defendant will be tried fairly. State v. Johnson, 124 Wash.2d 57, 76, 873 P.2d 514 (1994). The trial judge is best suited to judge the prejudice of a statement. State v. Weber, 99 Wash.2d 158, 166, 659 P.2d 1102 (1983). Given the brief and ambiguous testimony of the detective, we conclude the trial court did not abuse its discretion in denying the motion for a mistrial. We affirm the conviction.
DURHAM, C.J., and DOLLIVER, SMITH, JOHNSON, TALMADGE and SANDERS, JJ., concur.
MADSEN, Justice (concurring).
I agree with the majority that Ricky Lewis's conviction should be affirmed. I disagree, however, with the majority's conclusion that the Fifth Amendment was not implicated in this case. I write separately to state my view that even though the trial court was wrong to permit the State's witness to comment upon Lewis's silence, Lewis's conviction should nonetheless be affirmed because such error was harmless.
The statement giving rise to the issue in this case was Detective Steiger's testimony that he told Lewis "if he was innocent he should just come in and talk ... about it." Report of Proceedings at 162-64. Because Lewis considered this testimony to be within the scope of a pretrial order limiting testimony about Lewis's actions preceding his arrest, he moved for mistrial, arguing the testimony was an impermissible comment on his pre-arrest silence. The majority agrees with Lewis that "[a] police witness may not comment on the silence of the defendant so as to infer guilt from a refusal to answer questions." Majority at 237, 238. It concludes, however, that the officer's testimony was not a comment on the silence of a defendant. Majority at 237-238. Thus, the majority holds that the trial court did not abuse its discretion in denying Lewis's motion for mistrial.
I respectfully submit that the majority errs in construing Detective Steiger's testimony as something other than a comment on Lewis's constitutionally protected right to remain silent. The majority's rationale rests precariously upon decisions by the Supreme Court of Wyoming primarily interpreting its own state constitution. The Wyoming high court has concluded that the term "comment" *239 implies "more than a reference to the accused's silence." Parkhurst v. State, 628 P.2d 1369, 1382 (Wyo.), cert. denied, 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981). It stated that a "mere reference" to a defendant's silence does not amount to a comment, unless it is "used to the State's advantage either as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt." Majority at 238 (citing Tortolito v. State, 901 P.2d 387, 391 (Wyo. 1995) (citing Parkhurst, 628 P.2d at 1382)). Here, the majority upholds Lewis's conviction because it finds that the use of the accused's silence as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt "did not occur in this case." Majority at 238.
I disagree not only with the majority's assessment of what actually occurred in this case, but also with its reliance on a Wyoming rule that requires a court to first determine whether challenged testimony is a "comment" or a "mere reference" before analyzing whether the testimony violates a defendant's Fifth Amendment right to remain silent. Curiously, the majority imports this rule from our sister state, even though we did not adopt such a rule when we recently decided State v. Easter, 130 Wash.2d 228, 922 P.2d 1285 (1996), another case involving comment on pre-arrest silence. The imported Wyoming rule requires an inquiry into the prejudicial effect of the testimony as part of the determination whether a Fifth Amendment violation occurred, thus effectively shifting the harmless error analysis into the question of whether error occurred at all.
Moreover, the harmless error test imported with the Wyoming rule is the "contribution" test. This court has rejected the "contribution" test in favor of the "overwhelming untainted evidence" test. State v. Guloy, 104 Wash.2d 412, 426, 705 P.2d 1182 (1985). It was the overwhelming untainted evidence test which this court employed so recently in Easter. Easter, 130 Wash.2d at 242, 922 P.2d 1285. The majority provides no compelling argument for modifying the long-standing "harmless error" analysis that has served so well since Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), when the United States Supreme Court first addressed the issue of whether the prosecution may introduce evidence that an accused exercised the right to remain silent. Nor has the majority offered any reason for abrogating the harmless error test adopted in Guloy.
Assuming, however, that the Wyoming "comment" rule is valid, it is clear that the majority misapplies it here. The majority relies predominantly on Tortolito for guidance on what is a "comment." In so doing, however, the majority overlooks other authority from the State of Wyoming directly on the issue of how a court is to decide what is a "mere reference" and what is a "comment." In Tortolito, the Wyoming Supreme Court merely quoted language from Parkhurst that the term "comment" "impl[ies] more than a reference to the accused's silence." Parkhurst, 628 P.2d at 1382. The Tortolito court offered no guidance, however, to explain the distinction between a "comment" and a "mere reference." Instead, that distinction was explored in Parkhurst, where the Wyoming high court contrasted the facts of that case with facts in several other cases where the State's reference to a defendant's silence was found to violate the defendant's Fifth Amendment right to remain silent.
In Parkhurst, the entire testimony at issue was a police officer's statements that "`Some questions were answered, some weren't'" and "`neither subject said anything.'" Parkhurst, 628 P.2d at 1382. The Wyoming Supreme Court held that the trial court had not erred in admitting that testimony, in part because "[t]here is nothing derogatory in those words; there is no expression of the police officer's attitude towards such silence." Parkhurst, 628 P.2d at 1382. As a contrast, the Parkhurst court cited Gabrielson v. State, 510 P.2d 534 (Wyo.1973) as an "example wherein use of [a] defendant's silence is an applicable ground upon which to reverse." Parkhurst, 628 P.2d at 1381. In Gabrielson, an officer testified merely "that the defendant had refused to give him a statement." Parkhurst, 628 P.2d at 1381. The Parkhurst court indicated that there were sufficient "inferences of guilt" that could be drawn from the absence of a response by Gabrielson that *240 the testimony contained an "element of coercion," which "amounted to indirectly compelling [the defendant] to testify" in violation of his right to remain silent. Parkhurst, 628 P.2d at 1381 ("forbidden statements are reversible error where the prosecution has used a defendant's silence as a means of creating an inference of guilt") (citing Jerskey v. State, 546 P.2d 173, 183 (Wyo.1976))
In the case now before this court, the officer's attitude toward Lewis's motives in responding or not responding to the invitation to "just come in and talk" were explicit in the officer's testimony, and gave rise to substantial "inferences of guilt" that could be drawn from the absence of a response by Lewis. I fail to see how an officer's testimony that he told a defendant that "if he was innocent he should just come in and talk to [the police] about [the charges]" could be viewed as anything but an attempt to suggest that Lewis's failure to "come in and talk" was an admission of guilt. This is so particularly in light of the detective's subsequent statement that his next contact with Lewis did not occur until more than a month later, after Lewis was arrested. Thus, under the guidance from the State of Wyoming, such testimony by Detective Steiger was an inappropriate comment on Lewis's silence.
The record indicates that the trial court also determined that Detective Steiger's testimony was an inappropriate comment on Lewis's right to remain silent, but that it denied Lewis's motion for mistrial because the effect of the testimony was inconsequential. I agree with the trial court's assessment in this case, that the testimony should not have been offered or admitted, but that there is no reversible error here, because any such error is harmless. "[C]onstitutional error in the trial of a criminal offense may be held harmless if there is `overwhelming' untainted evidence to support the conviction." State v. Nist, 77 Wash.2d 227, 234, 461 P.2d 322 (1969) (citing Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969)). After carefully reviewing the entire record, I am confident beyond a reasonable doubt that such is the case here because Lewis's guilt has been conclusively proven by competent evidence and no other rational conclusion can be reached except that Lewis is guilty of the one count of rape for which he was convicted.
ALEXANDER, J., concurs.
NOTES
[1] After a CrR 3.5 hearing, the court ruled that the statement made by the defendant about not raping "crack smoking bitches that kept accusing him for nothing," which Lewis made to the arresting officer, was made before any interrogation and was admissible. No error was assigned to this ruling. After a second CrR 3.5 hearing, the trial court excluded a statement that Lewis had made to Detective Steiger during a prior rape investigation in which Lewis had told the detective that "[c]okeheads are really easy to scam into sex." The trial court excluded this statement as unduly prejudicial.
[2] The Court of Appeals found that the evidence of silence was admissible because Lewis later testified; hence, the prior silence would have been admissible as impeachment evidence. We disagree. If evidence of silence comes in to show guilt in the State's case in chief, then a defendant may be forced to testify to rebut such an inference. Further, because Lewis told the detective he did not rape the woman, it could not be used to "impeach" him because it was consistent with his testimony. Only if the prior silence were somehow inconsistent with the later offered defense would the prior silence have any relevance for impeachment purposes. E.g., State v. Palmer, 860 P.2d 339, 348 (Utah.Ct.App.), cert. denied, 868 P.2d 95 (1993). In Jenkins v. Anderson, 447 U.S. 231, 239, 100 S.Ct. 2124, 2129-30, 65 L.Ed.2d 86 (1980), the Court left it to the states to determine under their own rules of evidence when pre-arrest silence is so inconsistent with a defendant's testimony that impeachment by reference to the silence is probative. Because the alleged error here occurred during the State's case in chief, we need not discuss when silence could properly be used for impeachment purposes.
[3] State v. Easter, 130 Wash.2d 228, 235, 922 P.2d 1285 (1996).