[No. 25130-6-III.   Division Three.   May 1, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID CLYDE POTTORFF, *Appellant*.

*Eric J. Nielsen* and *David B. Koch* (of *Nielsen, Broman & Koch, PLLC*), for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Heather D. Czebotar, Deputy*, for respondent.

¶1 Brown, J. — David C. Pottorff hit Ret Taylor on the head with his cane. Mr. Pottorff was charged and convicted of third degree assault. At trial, a police officer commented about Mr. Pottorff's assertion of his right of silence. Mr. Pottorff contends that the testimony violated his constitutional rights and that he suffered ineffective assistance of counsel. Pro se, Mr. Pottorff asserts various additional grounds for review. We conclude the comment was harmless error. Finding no other error, we affirm.

## FACTS

¶2 On September 25, 2005, Mr. Taylor, Mike Blair, and another person were drinking and socializing at Richard Rakestraw's home. Mr. Pottorff lived in a trailer behind the home. Mr. Pottorff and Mr. Taylor did not get along. According to Mr. Pottorff, he was asked several times to come and tell Mr. Taylor to leave, but Mr. Taylor kept returning. Mr. Blair again went to get Mr. Pottorff's help in ejecting Mr. Taylor. What happened next is disputed. According to Mr. Pottorff, when he entered Mr. Rakestraw's home, Mr. Taylor turned quickly and Mr. Pottorff hit him on the head with his cane because he thought Mr. Taylor might have a knife. Others present testified no knife was seen or used. Mr. Taylor received a 3.3 centimeter laceration on his head, requiring eight staples. Mr. Pottorff was charged with third degree assault.

¶3 During trial, Officer Trevor Davis testified that upon arriving, he advised Mr. Pottorff of his rights. Mr. Pottorff agreed and freely talked, partly explaining he "slapped [Mr. Taylor] around a little." Report of Proceedings (RP) at 42. The State then asked: "And what happened after your conversation with the defendant was concluded?" RP at 45. Without objection, Officer Davis nonresponsively replied:

> I pointed out the cane, I asked . . . Mr. Pottorff if he struck [Mr. Taylor] with this cane. Mr. Pottorff said that—he didn't reply. He said at that time he wanted to invoke his right to remain silent, so we took the cane from him and placed him under arrest for assault.

RP at 45. The State did not pursue this reply and did not argue the point in closing.

¶4 Mr. Pottorff argued self-defense. The court's self-defense instruction provided that the use of force is lawful "when the force is not more than is necessary." Clerk's Papers (CP) at 29. A definitional instruction on "necessary" was not offered.

¶5 The jury found Mr. Pottorff guilty as charged. He appealed.

## ANALYSIS

### A. Comment on Silence

¶6 The issue is whether Mr. Pottorff was denied a fair trial based on Officer Davis' testimony that Mr. Pottorff invoked his right to remain silent. Mr. Pottorff contends Officer Davis' comment implied guilt and undermined his self-defense argument.

¶7 Initially, Mr. Pottorff did not object below to the comment. However, as Mr. Pottorff correctly points out, comments regarding a constitutional claim of silence may be reviewed for the first time on appeal. *State v. Romero*, 113 Wn. App. 779, 790-91, 54 P.3d 1255 (2002). Silence cannot be used to infer guilt. *Id.* at 787. The *Romero* court clarified the framework for analyzing an alleged impermissible comment on a defendant's constitutional right to remain silent.

¶8 Under *Romero*, the first question is if the comment is a direct or indirect comment on the defendant's right to silence. *Id.* at 790. A direct comment occurs when a witness or state agent makes reference to the defendant's invocation of his or her right to remain silent. *See id.* at 793

("I read him his *Miranda*[1] warnings, which he chose not to waive, would not talk to me" constitutes a direct comment.); *State v. Curtis*, 110 Wn. App. 6, 9, 37 P.3d 1274 (2002) (direct comment when officer testified he read defendant his *Miranda* rights and defendant refused to talk, stating he wanted an attorney).

¶9 An indirect comment on the right to remain silent occurs when a witness or state agent references a comment or action by the defendant which could be inferred as an attempt to exercise the right to remain silent. *See State v. Lewis*, 130 Wn.2d 700, 706, 927 P.2d 235 (1996) (officer did not testify that the defendant refused to talk but rather that the defendant claimed he was innocent); *State v. Sweet*, 138 Wn.2d 466, 480, 980 P.2d 1223 (1999) (officer's testimony that defendant said he would take a polygraph test after discussing the matter with his attorney was an indirect reference to silence).

¶10 Review standards differ. Direct comment prejudice is reviewed using a harmless error beyond a reasonable doubt standard. *Romero*, 113 Wn. App. at 790. Prejudice resulting from an indirect comment is reviewed using the lower, nonconstitutional harmless error standard to determine whether no reasonable probability exists that the error affected the outcome. *Id.* at 791-92.

¶11 Here, Officer Davis' direct comment was impermissible, but nothing in the record shows the State exploited the nonresponsive answer for substantive evidence of guilt. The State immediately continued with nonrelated questioning and did not argue the point to the jury. Thus, nothing suggests the jury relied upon Mr. Pottorff's silence as an admission of guilt. *See Lewis*, 130 Wn.2d at 707 (an impermissible comment on a defendant's silence occurs when the State uses a defendant's constitutionally permitted silence to the State's advantage by using it either as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt).

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

¶12 Further, the impermissible comment on Mr. Pottorff's silence did not directly follow Officer Davis' *Miranda* warning testimony, distinguishing this case from *Romero* and *Curtis* (discussed above). Instead, Mr. Pottorff agreed to waive his rights and did answer Officer Davis' questions, giving a full explanation of the events but omitting mention of using a cane to hit Mr. Taylor. Although the State did not seek any advantage from Officer Davis' comment on Mr. Pottorff's silence, the State could have commented on what Mr. Pottorff did not say, because he did not remain silent entirely but did talk to the police. This situation is similar to that found in *State v. Young*, 89 Wn.2d 613, 621, 574 P.2d 1171 (1978) (" 'If a defendant voluntarily offers information to police, his toying with the authorities by allegedly telling only part of his story is certainly not protected by *Miranda*.' " (quoting *State v. Osborne*, 50 Ohio St. 2d 211, 216, 364 N.E.2d 216 (1977))). In any event, under *Romero*, we must consider harmless error.

¶13 Assuming error, it would be harmless beyond a reasonable doubt. Officer Davis testified that Mr. Pottorff stopped talking after he asked about the cane. This may imply the cane was used in the assault, which Mr. Pottorff freely admitted while presenting his self-defense case. A defendant asserting self-defense is ordinarily required to admit an assault occurred. *State v. Gogolin*, 45 Wn. App. 640, 643, 727 P.2d 683 (1986). Moreover, Officer Jessie Mills heard it differently. Officer Mills testified Mr. Pottorff was "angry with Mr. Taylor" and "they had some bad blood between them, and that he had hit him in the head." RP at 52-53.

¶14 We do not agree that Officer Davis' impermissible comment undermined Mr. Pottorff's self-defense claim. Other testimony, even Mr. Pottorff's, supplied the same information. The testimony preceding and following the comment was not related to the elements of self-defense. And, there was no argument during trial that Mr. Pottorff's silence disproved his self-defense claim. Given all, we conclude Officer Davis' testimony did not amount to reversible error beyond a reasonable doubt.

## B. Assistance of Counsel

¶15 Mr. Pottorff claims he received ineffective assistance of counsel at trial because defense counsel did not offer a definitional instruction on "necessary."[2]

■■ ¶16 The state and federal constitutions guarantee a defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To prevail in an ineffective assistance claim, a defendant must show both deficient performance and resulting prejudice. *State v. McNeal*, 145 Wn.2d 352, 362, 37 P.3d 280 (2002). To establish deficient performance, a defendant must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* To establish prejudice, a defendant must demonstrate that but for the deficient representation, the outcome of the trial would have differed. *Id.*

■■ ¶17 We presume the defendant received adequate representation. *McFarland*, 127 Wn.2d at 335. Performance is not deficient if tactically sound. *Id.* at 336.

■ ¶18 The trial court instructed the jury that the use of force is lawful "when the force is not more than is necessary." CP at 29. "Necessary" is defined, for purposes of self-defense, to mean "that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to affect the lawful purpose intended." RCW 9A.16.010(1). The dictionary meaning of "necessary" is "that cannot be done without" or "ESSENTIAL." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1510-11 (1981). The ordinary use of the term "necessary" is less complicated than the statutory definition. It is possible defense counsel thought it would be easier for the jury to

---

[2] It is well settled that the lack of a definitional instruction may not be raised for the first time on appeal. *State v. Scott*, 110 Wn.2d 682, 689, 757 P.2d 492 (1988). Since, however, Mr. Pottorff links his argument with an ineffective assistance of counsel claim, the issue is reviewable in that context.

find Mr. Pottorff's actions were necessary without the legal definition. This tactical decision does not amount to deficient performance. Thus, Mr. Pottorff fails to establish ineffective assistance of counsel.

¶19 Finding no error, we affirm.

¶20 The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions. RCW 2.06.040.

SWEENEY, C.J., and KULIK, J., concur.