IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

2014 JUL 28 AM 11:50 COURT OF APPEALS DIV 1 STATE OF WASHINGTON FILED

| STATE OF WASHINGTON | ) | No. 71968-8-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| JOHN ROGER SHERMAN SMITH, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 28, 2014 |
| | ) | |

BECKER, J. — The duty to provide effective assistance to a defendant does not necessarily require defense counsel to elicit on direct examination the fact of a prior conviction that has been ruled admissible for impeachment. And when a defendant asserts self-defense in a prosecution for assault, it is not misconduct for the prosecutor to question in argument why the defendant failed to report the assault to the police.

Appellant John Smith got into a fight with Jeffrey Morvel, his girl friend's ex-boyfriend, on the afternoon of August 19, 2012, in front of a motor home. Both landed blows. Late that night, Morvel reported the incident to the police. Smith did not report the incident to the police. When police contacted Smith to investigate Morvel's report, he denied having been involved in any kind of fight.

Morvel received treatment at a hospital for extensive fractures to his facial bones. Smith suffered a cut lip and a swollen hand and eye.

The State charged Smith with second degree assault. Smith asserted self-defense. Morvel and Smith each claimed that the other person started the fight. Assessing credibility was the key issue for the jury.

Before trial, the court ruled that if Smith testified, the State could impeach Smith using his prior conviction for making a false statement to a public servant.

Smith testified. In his account of the fight, Morvel threw the first punch. Smith's attorney did not ask him about the prior conviction.

On cross-examination, the prosecutor began by asking Smith about the prior conviction. Smith admitted the conviction. The prosecutor asked Smith if he had ever contacted the police to report the assault. Smith testified that he had not. The prosecutor asked Smith if he told the detective that he had not been involved in any fight. Smith admitted making that statement to the detective and agreed it was not a true statement. On redirect, Smith testified he was not being honest with the detective because, having just been put in handcuffs, he was scared. He testified that he understood that in court he was testifying under oath. He said he was telling the truth in everything that he said in court.

In closing argument, the prosecutor summarized the evidence that Smith committed the assault with unlawful force. He did not mention Smith's prior conviction for making a false statement or the fact that Smith admitted being untruthful with the detective.

Smith's closing argument urged the jury to "look at the bigger picture" and believe his version of events despite his prior conviction and misstatements to police. Defense counsel pointed out that the prior conviction was 10 years old.

2

He mentioned that Smith had admitted being dishonest with the detective about the fight, but everything else he told the detective "was the truth" and Smith had been cooperative rather than argumentative when the detective questioned him.

In rebuttal, the State argued that Smith's failure to volunteer the conviction in his initial testimony undermined his credibility:

> Defense counsel tells you—essentially tells you how honest the defendant is because he comes in here and tells you, "Yeah, I lied to the police," and "Yeah, I have a conviction for false statement." Except when did you find out about that? When did you find out that he had a conviction for false statement? When I asked him about it. He didn't share that with you. He didn't voluntarily share that with you.

The jury convicted Smith as charged. This appeal followed. Smith alleges ineffective assistance of counsel and prosecutorial misconduct.

To show ineffective assistance, a defendant must show that counsel's representation was deficient and that the deficiency caused prejudice. State v. Bowerman, 115 Wn.2d 794, 808, 802 P.2d 116 (1990). If an action can be seen as legitimate trial strategy, it cannot serve as a basis for a claim of ineffective assistance of counsel. State v. McNeal, 145 Wn.2d 352, 362, 37 P.3d 280 (2002).

Smith contends that competent counsel would have elicited the fact of the prior conviction on direct examination to prevent the State from bringing it out as a damning revelation. The State responds that omitting the question on direct examination can be seen as a legitimate trial strategy under the circumstances. We agree with the State. The conviction was 10 years old. Counsel may have hoped that bringing up such a remote event to cast Smith in a bad light would

make the State appear harsh and unfair. Counsel may have hoped that to avoid such an appearance, the State would decide not to mention the prior conviction at all. Counsel may also have decided that any advantage gained by bringing the prior conviction out in direct examination would be outweighed by the prejudice incurred by having it discussed for a second time in cross-examination.

Because the challenged conduct can be viewed as a legitimate trial strategy, it was not ineffective assistance.

To prevail on a claim of prosecutorial misconduct, the defendant must establish that the prosecutor's conduct was both improper and prejudicial in the context of the entire record and the circumstances at trial. State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008). In closing argument, the prosecuting attorney has wide latitude to argue reasonable inferences from the evidence, including evidence respecting the credibility of witnesses. State v. Hoffman, 116 Wn.2d 51, 94-95, 804 P.2d 577 (1991).

The first alleged instance of misconduct occurred during the State's rebuttal argument. The prosecutor, arguing that Smith was not credible, mentioned that Smith did not admit his prior conviction until cross-examined about it:

> When did you find out that he had a conviction for false statement?
> When I asked him about it. He didn't share that with you. He didn't
> voluntarily share that with you.

Smith contends the State improperly implied that it was Smith himself, rather than defense counsel, who was responsible for failing to introduce evidence of the prior conviction during direct examination. He cites Miller v.

4

Pate, 386 U.S. 1, 87 S. Ct. 785, 17 L. Ed. 2d 690 (1967). In Pate, the prosecutor's argument referred to underwear as stained with blood, even though he knew the stains were actually paint. Pate, 386 U.S. at 6. The comment here is not at all like the argument decried in Pate. It was not an inappropriate response to the defense argument that Smith should be regarded as credible.

The second alleged instance of misconduct also occurred during the State's rebuttal argument. The prosecutor contrasted Smith, who did not report the assault to police, to Morvel, who did:

> The defendant claims to you that he was assaulted by Jeff, except that the defendant never called the police to report an assault. And when he was contacted by police, he said, "I wasn't in a fight with Jeff. I wasn't in a fight with anyone." Consider that in deciding whether he's credible or not. If he in fact was the victim of an assault, would he not have told the officer that? Would he not have reported the assault to the police if he was the victim?
>
> . . . .
>
> . . . If he is the assailant, if he's the one committing the assault, he's having nothing to do with the police. Just like the defendant was having nothing to do with the police. Wouldn't tell them what happened. When he claims he was the victim. That's something you have to look at when deciding Jeff's credibility versus the defendant's credibility.

Smith claims this argument impermissibly drew a negative inference from his exercise of the constitutional right to remain silent and be free from self-incrimination. Smith relies on cases holding that a defendant's prearrest silence in response to police inquiries may not be used as evidence of guilt. E.g., State v. Lewis, 130 Wn.2d 700, 927 P.2d 235 (1996); State v. Burke, 163 Wn.2d 204, 217-18, 181 P.3d 1 (2008); State v. Johnson, 40 Wn. App. 371, 377, 699 P.2d 221 (1985). A prosecutor may not argue that the defendant's refusal to talk to investigating officers is evidence of guilt. State v. Thomas, 142 Wn. App. 589,

596, 174 P.3d 1264, <u>review</u> <u>denied</u>, 164 Wn.2d 1026 (2008) (improper for State to convey to the jury the message that if the defendant was not guilty, he would have returned to the crime scene to tell his side of the story).

Here, the prosecutor was discussing Smith's conduct before the police became involved, not his conduct during the police investigation. The argument was not misconduct.

Affirmed.

Becker, J.

WE CONCUR: