# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49851-1-II |
| Respondent, | |
| v. | |
| CHRISTOPHER THOMAS FULLER, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Christopher Thomas Fuller appeals his convictions for theft of a motor vehicle and possession of stolen property in the second degree. Fuller contends testimony that he refused to answer a police officer's questions violated his constitutional right to silence. Fuller also alleges the sentencing court erred by ordering him to potentially forfeit seized property. We affirm Fuller's convictions but remand for correction of the judgment and sentence.

FACTS

Fuller rode with his friend, Theodore Borchers, to a convenience store to assist one of Borchers's friends with starting his car. Borchers got out and helped his friend jumpstart his car while Fuller waited in the car. After the car started, Borchers removed the jumper cables and turned towards his car. He noticed Fuller slide over to the driver seat. Fuller then drove Borchers's car to a nearby gas pump.

Confused by Fuller's actions, Borchers followed the car and when it stopped asked Fuller to open the trunk so Borchers could put the jumper cables in. Fuller opened the trunk and then, after Borchers put the cables in, Fuller drove away again. Borchers attempted to follow the vehicle but ultimately gave up and called the police.

Kitsap County Sheriff's Deputy Steven Argyle responded to the report of a stolen vehicle. While he was talking with Borchers, another 911 call came in about a suspicious person and a car left at a nearby gas station.[1] Argyle went to the gas station and called Borchers to meet him there. Borchers confirmed the car was his and that several items were missing from the vehicle, including Borchers's debit card.

While he was at the gas station, Argyle viewed the security video, which showed Fuller going in and out of the car. About an hour later, Argyle spotted Fuller walking near the gas station. Argyle arrested Fuller.

The State charged Fuller with theft of a motor vehicle and possession of stolen property, an access device, in the second degree.

During trial, Argyle testified, without objection, that after he told Fuller he was under arrest for vehicle theft, Fuller was "argumentative, threatening, refused to do any of my commands." I Verbatim Report of Proceedings (VRP) at 86. Fuller told Argyle that he did "nothing wrong." I VRP at 86. But, Fuller "would not answer any specific questions." I VRP at 86. Argyle testified that Fuller would not listen when he tried to read him his *Miranda*[2] rights.

---

[1] Borchers's vehicle uses a key fob to start. After Fuller turned off the vehicle at the gas station it would not restart because he did not have the key fob.

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

On cross-examination, defense counsel questioned Argyle about his initial conversation with Fuller. Defense counsel asked, "Your conversation was, 'You're under arrest'?" I VRP at 98. Argyle responded, "That's how it started." I VRP at 98. Defense counsel then asked, "He's telling you that he didn't do anything?" I VRP at 98. Argyle responded, "He wouldn't answer any question. That was the only thing he kept repeating." I VRP at 98-99.

Fuller testified in his defense. He testified that Borchers gave him permission to borrow the vehicle. Borchers, however, testified that he did not give Fuller permission to take the vehicle.

During closing remarks, the prosecutor stated, "Deputy Argyle describes [Fuller] as belligerent, uncooperative, fighting him not responding clearly to his answers, not responding clearly to his questions or commands." III VRP at 379. Fuller did not object.

The jury found Fuller guilty as charged. The sentencing court checked a box on the judgment and sentence ordering Fuller to "Forfeit all seized property referenced in the discovery to the originating law enforcement agency unless otherwise stated." Clerk's Papers (CP) at 72. Fuller appeals.

## ANALYSIS

### I. RIGHT TO REMAIN SILENT

Fuller contends Argyle's testimony regarding Fuller's demeanor at the time of his arrest amounted to an impermissible comment on his right to remain silent. The dispositive issue, however, is whether Fuller may raise this issue for the first time on appeal. We hold he may not.

Appellate courts generally do not consider issues raised for the first time on appeal. RAP 2.5(a); *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007). A narrow exception exists for "manifest" errors affecting constitutional rights. RAP 2.5(a)(3); *State v. King*, 167 Wn.2d 324, 332, 219 P.3d 642 (2009). It is the appellant's burden to demonstrate manifest constitutional error,

i.e., error that affects constitutional rights and results in actual prejudice. *State v. O'Hara*, 167 Wn.2d 91, 98-100, 217 P.3d 756 (2009). Fuller has not carried that burden.

A police witness may not testify in a manner that implies guilt from a defendant's silence or refusal to answer questions. *State v. Lewis*, 130 Wn.2d 700, 705, 927 P.2d 235 (1996). To do so violates the defendant's Fifth Amendment right to refrain from self-incrimination. *State v. Easter*, 130 Wn.2d 228, 241-42, 922 P.2d 1285 (1996). But, when a defendant talks to investigators, a police witness may comment on what he does or does not say. *State v. Clark*, 143 Wn.2d 731, 765, 24 P.3d 1006 (2001). And, comments on a defendant's demeanor, as opposed to silence, are proper. *State v. Barry*, 183 Wn.2d 297, 308, 352 P.3d 161 (2015).

Here, Argyle testified, without objection, that after he told Fuller he was under arrest for vehicle theft, Fuller was "argumentative, threatening, refused to do any of my commands." I VRP at 86. Fuller told Argyle that he did "nothing wrong." I VRP at 86. But, Fuller "would not answer any specific questions." I VRP at 86. Later, during cross-examination, defense counsel questioned Argyle about his initial conversation with Fuller. Argyle testified that Fuller repeatedly denied any wrong doing, but then would not cooperate with the officer or "answer any question." I VRP at 98.

Based on the above facts, Fuller did not invoke his right to remain silent; rather, he spoke to Argyle and denied doing anything wrong. Fuller then refused to follow commands or answer questions. Since Fuller did not invoke his right to remain silent and spoke with Argyle, Argyle was permitted to comment on what Fuller did or did not say afterwards. Moreover, Argyle's testimony primarily went to Fuller's demeanor at the time of arrest. Comments on a defendant's demeanor at the time of arrest are admissible. Accordingly, Fuller does not show constitutional error.

Even if Fuller could demonstrate constitutional error, he cannot show it was manifest. An alleged error is "manifest" only if there is a showing of actual prejudice—i.e., a "'plausible showing by the [appellant] that the asserted error had practical and identifiable consequences in the trial of the case.'" *Kirkman*, 159 Wn.2d at 935 (internal quotation marks omitted) (quoting *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980 P.2d 1257 (1999)).

Fuller does not establish any identifiable consequences. Based on the strength of the State's case, which includes eye witness testimony, and based on our deference to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence, Fuller cannot show actual prejudice. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

Based on the above, Fuller does not raise a manifest constitutional error. Accordingly, his argument cannot be raised for the first time on appeal.

II.     FORFEITURE BOX ON JUDGMENT AND SENTENCE

Fuller next argues that the sentencing court erred by checking a box on the judgment and sentence ordering Fuller to "Forfeit all seized property referenced in the discovery to the originating law enforcement agency unless otherwise stated." CP at 72. Because there is nothing in our record to show there was any property seized or the sentencing court's intent to order forfeiture and because the State concedes there was no property to be seized, the checked box is a clerical error. The remedy for a clerical error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016). We, therefore, remand for correction of the judgment and sentence.

5

We affirm Fuller's convictions but remand for correction of the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Lee, J.