
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39860-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| KASEY CALVIN COOPER, | ) | |
| | ) | |
| Appellant. | ) | |

COONEY, J. —Kasey Cooper was convicted of unlawful possession of a controlled substance with intent to deliver and unlawful possession of a controlled substance. Mr. Cooper appeals, arguing that the State violated his right to remain silent by eliciting testimony that he failed to open his hotel room door for law enforcement officers. We disagree and affirm his convictions.

BACKGROUND

In December 2022, law enforcement officers in Wenatchee, Washington, surveilled Mr. Cooper, who they suspected was dealing drugs from a room at the

Red Lion Hotel.  The officers observed numerous vehicles and individuals coming and

going from Mr. Cooper's room.

After obtaining a warrant to search Mr. Cooper's room, Detective Albert Gonzalez

activated his body-worn camera, knocked on Mr. Cooper's door, and announced their

presence.  When Mr. Cooper failed to answer, officers used an "eCard" to bypass the

door's locking mechanism, but were then confronted with a latch that prevented them

from opening the door beyond a slight crack.  Rep. of Proc. (RP)[1] at 211-12.  Through the

crack, Detective Gonzalez saw Mr. Cooper and a female, later identified as Juliann Orr,

pass in front of the door and enter the bathroom.  Detective Gonzalez then heard the

bathroom door shut followed by a flushing sound.  Eventually, Ms. Orr unlatched the

door for the officers and retreated into the bathroom.

After detaining the couple, officers served the search warrant.  The search yielded

a container with 133 blue fentanyl pills, a blue notebook that appeared to be a drug

ledger, a brown sketchbook that also appeared to be a drug ledger, a container with

approximately 19.1 grams of methamphetamine, a drug ingestion device, and a single

blue fentanyl pill.  Ex. 2.

---

[1] Unless otherwise stated, the RP refers to the transcript of the readiness hearing, trial, and sentencing hearing prepared by court reporter Barbara Scoville.

Mr. Cooper was charged with two counts of unlawful possession of a controlled substance with intent to deliver, one for the fentanyl pills and the second for the methamphetamine through an amended information. The charges were tried to a jury.

At trial, witnesses testified consistent with the above. Detective Gonzalez further testified that neither Mr. Cooper nor Ms. Orr opened the door after law enforcement knocked and announced their presence. Detective Brett Peterson testified about his training and experience with people who delay in answering the door during the service of a search warrant, explaining:

> Based on my training and experience, most of the time when people will not answer the door at a hotel room is because they have a warrant, they have something they want to hide, they don't want to be captured by law enforcement, and they're trying to prolong the time frame in which they can either make an escape or they can destroy evidence before we can make entry into the room.

RP at 343-44. Detective Peterson also stated, "the most common way [to destroy drug evidence] is to flush it down the toilet." RP at 344.

Mr. Cooper did not testify.

The jury found Mr. Cooper not guilty of unlawful possession of a controlled substance with intent to deliver methamphetamine but guilty of unlawful possession of a controlled substance with intent to deliver fentanyl and possession of a controlled substance. The court sentenced Mr. Cooper to 40 months of incarceration.

Mr. Cooper timely appeals, assigning a single error: "The State violated Mr.

Cooper's constitutional right to silence when it elicited testimony that Mr. Cooper's

silence was evidence of his guilt." Br. of Appellant at 1.

ANALYSIS

Mr. Cooper argues his Fifth Amendment right to remain silent under the United

States Constitution was violated when the State elicited testimony that his failure to

answer the hotel room door was substantive evidence of his guilt. We disagree.

As a preliminary matter, the State argues Mr. Cooper failed to preserve the alleged

error by failing to object. A timely "objection gives a trial court the opportunity to

prevent or cure error." *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

RAP 2.5(a) allows us to "refuse to review any claim of error which was not raised in the

trial court."

Although we generally decline to review claims of errors not raised in the trial

court, an exception to that rule permits a party to raise a "manifest error affecting a

constitutional right" for the first time on appeal. RAP 2.5(a)(3). This exception is

limited and does not allow all asserted constitutional claims to be raised for the first time

on appeal. *Kirkman*, 159 Wn.2d at 934. Instead, the alleged error must be "manifest,"

which requires a showing of actual prejudice. *Id*. at 935. To establish actual prejudice,

the appellant must make a plausible showing that the alleged error had practical and

identifiable consequences during trial. *State v. WWJ Corp.*, 138 Wn.2d 595, 603, 980

4

P.2d 1257 (1999). "[T]he focus of the actual prejudice must be on whether the error is so obvious on the record that the error warrants appellate review." *State v. O'Hara*, 167 Wn.2d 91, 99-100, 217 P.3d 756 (2009).

Because Mr. Cooper failed to object to the challenged testimony below, we could decline review under RAP 2.5 unless Mr. Cooper could show the error was of constitutional magnitude and manifest. However, on appeal, Mr. Cooper only claims the error is of constitutional magnitude and does not address whether the error is a manifest error affecting a constitutional right under RAP 2.5(a)(3). Notably, Mr. Cooper fails to even cite RAP 2.5 in his brief. Although we could consider his failure to cite RAP 2.5(a)(3) and advance argument that the alleged error is reviewable under RAP 2.5(a)(3) as a concession that the claimed error is not manifest, we exercise our discretion and address the merits.

Under the Fifth Amendment to the United States Constitution, "[n]o person shall . . . be compelled in any criminal case to be a witness against himself." U.S. CONST. amend. V. The Fourteenth Amendment applies this provision to the states. U.S. CONST. amend. XIV; *State v. Easter*, 130 Wn.2d 228, 235, 922 P.2d 1285 (1996). Washington's state constitution also provides that "[n]o person shall be compelled in any criminal case to give evidence against himself." WASH. CONST. art. I, § 9. Mr. Cooper's alleged error is of a constitutional dimension.

Although Mr. Cooper alleges a Fifth Amendment violation, we disagree that it was truly an error of constitutional dimension; even if it was, he has failed to demonstrate it was manifest.

To support his argument that his refusal to answer the door was substantive evidence of his guilt, Mr. Cooper cites Washington Supreme Court cases that hold the Fifth Amendment protection on silence applies to a suspect's interactions with law enforcement prior to arrest. *State v. Lewis*, 130 Wn.2d 700, 927 P.2d 235 (1996); *Easter*, 130 Wn.2d 228. However, subsequent to *Lewis* and *Easter*, the United States Supreme Court held that, absent an express invocation of the right to silence, the Fifth Amendment does not preclude the State from introducing a suspect's prearrest silence as evidence of guilt. *Salinas v. Texas*, 570 U.S. 178, 183, 133 S. Ct. 2174, 186 L. Ed. 2d 376 (2013).

Here, Detective Peterson testified about his training and experience with individuals who do not initially open the door for police attempting to serve a warrant. This testimony was not a comment on Mr. Cooper's silence. But, even if Mr. Cooper's initial refusal to open the door amounted to prearrest silence, the Fifth Amendment generally does not protect against evidence of a defendant's actions or demeanor. *State v. Barry*, 183 Wn.2d 297, 305, 352 P.3d 161 (2015). Consequently, the State was entitled to present evidence of Mr. Cooper's failure to open the hotel room door. Because Mr. Cooper's Fifth Amendment right to silence was not implicated, he has failed

to make a plausible showing that the evidence had a practical and identifiable consequence on his trial.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Cooney, J.

I CONCUR:

Pennell, J.

I CONCUR IN RESULT ONLY:

Fearing, J.