[No. 23735-4-III.   Division Three.   February 16, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. BRIAN LEE BENEFIEL, *Appellant*.

652

*Daniel H. Bigelow*, for appellant.

*Steven J. Tucker, Prosecuting Attorney,* and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies,* for respondent.

¶1 Brown, J. — Brian L. Benefiel appeals his escape from community custody conviction. He contends the trial court improperly admitted evidence of his prior judgment and sentence and testimony from his community corrections officer (CCO). Finding no error, we affirm.

## FACTS

¶2 Mr. Benefiel was previously convicted of attempted second degree assault. After being released from custody, he failed to check in with his CCO as ordered. Eventually, Mr. Benefiel was arrested and charged with escape from community custody.

¶3 During trial, the State offered Mr. Benefiel's judgment and sentence for the attempted second degree assault conviction. The State first provided testimony showing the document had the "appropriate Court seal." Report of Proceedings (RP) at 9. Defense counsel objected, arguing the judgment and sentence was inadmissible under *Crawford v. Washington,* 541 U.S. 36, 124 S. Ct. 1354, 158

L. Ed. 2d 177 (2004). The court overruled the objection, allowing the judgment and sentence because it was a "court certified document" and not "testimon[ial] in nature." RP at 12.

¶4 The State asked the CCO whether he was a custodian of records for the Department of Corrections (DOC). The CCO answered affirmatively. The State then asked, "Based upon the records you have and your personal experience, did Mr. Benefiel appear after the Judgment and Sentence was sent to you?" RP at 15. Defense counsel objected under *Crawford* and the hearsay rule. The court overruled the objection. The CCO then testified Mr. Benefiel did not appear in his office, nor was he notified that Mr. Benefiel appeared in any other DOC office. This drew another objection based on *Crawford* and hearsay, which again was overruled.

¶5 The jury found Mr. Benefiel guilty as charged. He appealed.

## ANALYSIS

■ ¶6 The issue is whether the trial court erred by abusing its discretion in certain evidence rulings. Mr. Benefiel contends the court erred in admitting his prior judgment and sentence and allowing the CCO to testify that he did not report to DOC after being released from custody. Evidence rulings are reviewed for abuse of discretion. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 691, 101 P.3d 1 (2004). A trial court abuses discretion when its " 'decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons.' " *Id.* (quoting *State v. Michielli*, 132 Wn.2d 229, 240, 937 P.2d 587 (1997)).

■ ¶7 *Judgment and Sentence.* Records and proceedings of any court are admissible in evidence if they are certified by an officer in charge of the court records and if the seal of that court is annexed. RCW 5.44.010. Extrinsic evidence of the authenticity of a certified copy of a public record is not required as a condition precedent to admissi-

bility. ER 902(d). Such documents are considered self-authenticating and admissible. ER 902; *State v. Ross*, 30 Wn. App. 324, 327, 634 P.2d 887 (1981). Nevertheless, citing *Crawford*, Mr. Benefiel argues admission of his prior judgment and sentence violated the confrontation clause of the Sixth Amendment because he was not allowed to cross-examine the clerk of court who attested to the document.

¶8 The Sixth Amendment's confrontation clause guarantees a criminal defendant's right to be confronted with the witnesses against him or her. *Crawford*, 541 U.S. at 42. In *Crawford*, the United States Supreme Court examined previous Washington interpretations of the confrontation clause that allowed admission of an unavailable witness's out-of-court statement if that statement had "adequate indicia of reliability," meaning it fell within a recognized hearsay exception or bore " 'particularized guarantees of trustworthiness.' " *Id.* (quoting *Ohio v. Roberts*, 448 U.S. 56, 66, 100 S. Ct. 2531, 65 L. Ed. 2d 597 (1980)). Washington courts apply a nine-factor test to determine whether a particular statement bears particularized guarantees of trustworthiness—in other words, to determine whether it is reliable. *Crawford*, 541 U.S. at 41. This judicial determination of an out-of-court statement's reliability was at issue in *Crawford*.

¶9 After reviewing the historical record on the confrontation clause, *Crawford* rejected the reliability test for *testimonial* statements. *Id.* at 60-61. Testimonial statements are generally defined as declarations or affirmations made for the purpose of establishing some fact. *Id.* at 53. Examples of testimonial statements include pretrial statements the declarants would reasonably expect to be used by the prosecutor, such as affidavits, depositions, confessions, and statements taken by police officers in the course of interrogations. *Id. Crawford* concluded "the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Id.* at 53-54.

¶10 However, *Crawford* recognized some hearsay evidence is admissible against a criminal defendant without implicating the defendant's confrontation rights. *Id.* at 55. Any written assertion made out of court and offered at trial to prove the truth of the matter is a hearsay statement. *State v. Monson*, 113 Wn.2d 833, 836, 784 P.2d 485 (1989). The certified copy of the judgment and sentence here, offered to prove Mr. Benefiel had been sentenced to a period of community custody, was hearsay. *See id.* (a certified copy of a defendant's driving record is a hearsay statement). However, this hearsay statement is an example of a firmly rooted hearsay exception: the certified copy of a public record, RCW 5.44.040.

¶11 *Crawford* specifically allowed hearsay exceptions that cover "statements that by their nature were not testimonial—for example, business records or statements in furtherance of a conspiracy." *Crawford*, 541 U.S. at 56. Here, the judgment and sentence is not testimonial. It is not a statement made for the purpose of establishing some fact and it does not constitute a statement the declarant would reasonably believe would be used by the prosecutor in a later trial. *Id.* at 53. The prior judgment and sentence was properly admitted as a hearsay exception under RCW 5.44.040.

¶12 *CCO's Testimony*. Next, Mr. Benefiel argues the CCO's testimony regarding whether Mr. Benefiel contacted DOC was inadmissible under the hearsay rules and *Crawford* because his testimony was based on records not admitted at trial.

¶13 ER 801(c) provides: " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 802 renders hearsay inadmissible unless it falls within certain exceptions. Testimony based on personal knowledge is not hearsay. *State v. Simmons*, 63 Wn.2d 17, 22, 385 P.2d 389 (1963). The CCO did not offer hearsay testimony. While the State questioned the CCO about DOC records regarding Mr. Benefiel, the CCO's

ultimate testimony was based on his personal knowledge. The CCO was Mr. Benefiel's supervising officer. Mr. Benefiel was supposed to contact the CCO after being released from custody. The CCO testified Mr. Benefiel failed to contact him or any other CCO to his knowledge.

¶14 Regarding Mr. Benefiel's *Crawford* argument, while he did not have the opportunity to cross-examine the DOC records alluded to by the State, he did have the opportunity to cross-examine the CCO. Since the CCO testified to his personal knowledge regarding Mr. Benefiel's failure to report, and Mr. Benefiel had the opportunity to cross-examine him regarding this testimony,[1] *Crawford* does not apply.

¶15 In sum, the trial court had a tenable basis to overrule Mr. Benefiel's evidentiary objections. No abuse of discretion occurred in admitting Mr. Benefiel's prior judgment and sentence and the CCO's testimony regarding Mr. Benefiel's failure to report.

¶16 Affirmed.

KATO, C.J., and SWEENEY, J., concur.

Review denied at 158 Wn.2d 1009 (2006).

---

[1] Defense counsel chose not to take this opportunity and only questioned the CCO about how many hours per week he worked.