[No. 42096-1-II.   Division Two.   June 29, 2012.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY GARETT HUBBARD, *Appellant*.

*Thomas E. Weaver Jr.,* for appellant.

*Russell D. Hauge, Prosecuting Attorney,* and *Jeremy A. Morris* and *Coreen E. Schnepf, Deputies,* for respondent.

¶1 QUINN-BRINTNALL, J. — Jeffrey G. Hubbard appeals his conviction of felony violation of a no-contact order. Hubbard argues that the trial court erred in admitting exhibit 1, a clerk's minute entry made during his sentencing on a prior conviction, which established that he was served in open court with a no-contact order. Hubbard contends that admission of the minute entry violated his Sixth Amendment confrontation rights. Because the clerk's minute entry is not a testimonial statement, we affirm.

## FACTS

¶2 The State charged Hubbard by amended information with felony violation of a no-contact order and first degree

driving while license suspended under Kitsap County cause number 10-1-00907-6. RCW 9A.20.021(1)(c); RCW 26.50.110(5); RCW 46.20.342(1)(a). After a jury was empanelled, the State moved to admit 10 exhibits as self-authenticating documents. Exhibit 1 was a certified copy of the clerk's sentencing minutes in Kitsap County cause number 06-1-00639-7. Exhibits 2 through 5 were the domestic violence no-contact order, judgment and sentence, information, and first amended information under the same cause number. Exhibits 6 through 10 included judgments and sentences and criminal complaints under different cause numbers.

¶3 Hubbard objected to the exhibits on foundational, relevance, hearsay, and confrontation clause grounds. In admitting all of the exhibits, the trial court reasoned that exhibit 1, the clerk's minute entry establishing that Hubbard had been served with a no-contact order, was not a testimonial statement because it was not prepared in anticipation of litigation. The court concluded that the exhibits were certified court records and admissible without further authentication.

¶4 After Hubbard waived his right to a jury trial and proceeded to a bench trial on stipulated facts, the trial court found him guilty as charged. Hubbard appeals his felony violation of a no-contact order conviction.

## DISCUSSION

¶5 Hubbard asserts that admitting exhibit 1, the clerk's minute entry noting that he was served at an earlier sentencing with a no-contact order, violated his Sixth Amendment confrontation rights. Hubbard argues that the minute entry is testimonial and therefore required that he be allowed to confront the author before its admission under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). The State counters that because the certified copy of the clerk's minute entry is a public

court record, the notation is not testimonial. We hold that because the clerk's minute entry is a certified court record that was not prepared in anticipation of litigation, it is not testimonial, and we affirm.

■ ■ ¶6 The Sixth Amendment confrontation clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. The confrontation clause thus prohibits admitting testimonial hearsay statements in a criminal case without an opportunity for cross-examination. *State v. Fleming*, 155 Wn. App. 489, 501, 228 P.3d 804 (2010) (citing *State v. Hopkins*, 134 Wn. App. 780, 790, 142 P.3d 1104 (2006), *review denied*, 160 Wn.2d 1020 (2007)). "A confrontation clause violation does not occur unless the admitted hearsay evidence was 'testimonial' and the accused did not have a prior opportunity to cross-examine the unavailable declarant." *Fleming*, 155 Wn. App. at 501-02 (citing *State v. Kirkpatrick*, 160 Wn.2d 873, 882, 161 P.3d 990 (2007), *overruled by State v. Jasper*, 174 Wn.2d 96, 271 P.3d 876 (2012)). We review alleged confrontation clause violations de novo. *State v. Medina*, 112 Wn. App. 40, 48, 48 P.3d 1005, *review denied*, 147 Wn.2d 1025 (2002).

■ ¶7 The Washington Supreme Court recently observed that "certain statements 'by their nature [are] not testimonial—for example, business records or statements in furtherance of a conspiracy.' " *Jasper*, 174 Wn.2d at 109 (alteration in original) (quoting *Crawford*, 541 U.S. at 56). Certified records that are not prepared for use in a criminal proceeding also are not testimonial. *Jasper*, 174 Wn.2d at 112; *see also State v. Mares*, 160 Wn. App. 558, 564, 248 P.3d 140 (2011) (public records are generally admissible absent confrontation because, having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial, they are not testimonial).

■ ¶8 The *Jasper* court distinguished between non-testimonial, self-authenticating certified records and testi-

monial clerk certifications attesting to the *nonexistence* of a public record. *Jasper*, 174 Wn.2d at 113 (quoting *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 323, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009)). A clerk's certification attesting to the nonexistence of a public record is a declaration describing the result of a public records search conducted in contemplation of litigation. *See Jasper*, 174 Wn.2d at 113. By contrast, a certified public record such as a clerk's minute entry simply memorializes facts as they occurred in court, without reference to future litigation. *See Mares*, 160 Wn. App. at 564 (records custodian may authenticate or provide a copy of an otherwise admissible record but may not create a record for the sole purpose of providing evidence against a defendant); *State v. Benefiel*, 131 Wn. App. 651, 656, 128 P.3d 1251 (prior judgment and sentence was not testimonial; it was not a statement made for purpose of establishing some fact and did not constitute statement the declarant believed would be used by State at later trial), *review denied*, 158 Wn.2d 1009 (2006).

¶9 Nevertheless, Hubbard asserts that the clerk's minute entry offered as exhibit 1 is testimonial evidence because it was " 'offered "against" the defendant to establish or prove a past event relevant to the criminal prosecution.' " Br. of Appellant at 6 (quoting *State v. Dash*, 163 Wn. App. 63, 73, 259 P.3d 319 (2011)). Hubbard's reliance on *Dash* is misguided.

¶10 In *Dash*, Division One of this court reversed because of instructional error but noted in dicta that on remand, the parties might wish to litigate the admissibility of a videotaped interview of the victim. 163 Wn. App. at 72. The victim was not cross-examined during the interview or at trial. *Dash*, 163 Wn. App. at 72. At issue was whether testimonial statements are admissible without confrontation as long as they do not qualify as hearsay and are not offered to prove the truth of the matter asserted. *Dash*, 163 Wn. App. at 72. The *Dash* court cited *Bullcoming v. New Mexico*, ___ U.S. ___, 131 S. Ct. 2705, 180 L. Ed. 2d 610

(2011), a recent United States Supreme Court decision suggesting that trial courts should focus not on whether the testimonial statement was hearsay but, rather, on whether the statement was offered against the defendant to establish or prove a past event relevant to the criminal prosecution. 163 Wn. App. at 73 (citing *Bullcoming*, 131 S. Ct. at 2714 n.6). The *Dash* court made no holding pertinent to the issue before us: whether a certified copy of a clerk's minute entry memorializing a court action of serving a defendant with a no-contact order is testimonial.

¶11 Nontestimonial statements do not implicate the confrontation clause and are admissible if they fall within a hearsay exception. *State v. Saunders*, 132 Wn. App. 592, 601, 132 P.3d 743 (2006), *review denied*, 159 Wn.2d 1017 (2007). Certified court records are public records and fall within the recognized hearsay exception for such records. RCW 5.44.010, .040; *Benefiel*, 131 Wn. App. at 654-55. As the trial court recognized, extrinsic evidence of the authenticity of a certified copy of a public record is not required; such documents are considered self-authenticating. ER 902(d); *Benefiel*, 131 Wn. App. at 655-56.

¶12 Here, it is undisputed that exhibit 1 is a certified copy of a court record containing facts relating to Hubbard's sentencing under a prior cause number. Exhibit 1 is not testimonial because it was not prepared for use in a criminal proceeding, and it is admissible under the hearsay exception for self-authenticating public records. Accordingly, we hold that the trial court did not violate Hubbard's confrontation rights under the Sixth Amendment in admitting exhibit 1 and affirm.

VAN DEREN and PENOYAR, JJ., concur.