IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69816-8-I |
| | ) | |
| Respondent/Cross Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JAKE JAMES W. SIGURDSON, | ) | |
| | ) | |
| Appellant/Cross Respondent. | ) | FILED: March 17, 2014 |

SCHINDLER, J. — Jake James W. Sigurdson appeals his conviction for bail jumping under RCW 9A.76.170(1) arguing the court violated his right to confrontation under the Sixth Amendment by admitting into evidence certified court records. Because the certified court records are not testimonial, we affirm.

FACTS

The State charged Jake James W. Sigurdson with taking a motor vehicle owned by his grandmother without her permission.

At the arraignment on June 11, 2012, the court entered an "Order on Release/Detention of Defendant." The order allowed Sigurdson to be released after posting bail in the amount of $5,000. The order also states that "defendant shall appear for trial and all scheduled court hearings" and failure to do so "may result in revocation of release, forfeiture of bail, and/or additional charges." The court also entered an order

scheduling the trial date for July 27 and an omnibus hearing for July 6. Sigurdson

signed the "Order Setting Trial Date." The order states, in pertinent part:

> THE DEFENDANT MUST APPEAR FOR TRIAL AND FOR ALL
> SCHEDULED HEARINGS. FAILURE TO APPEAR MAY RESULT IN
> ISSUANCE OF AN ARREST WARRANT, FORFEITURE OF BAIL, AND
> CRIMINAL PROSECUTION FOR BAIL JUMPING.

Sigurdson did not appear for the omnibus hearing on July 6. The court issued a

bench warrant for his arrest. The State filed an amended information charging

Sigurdson with bail jumping in violation of RCW 9A.76.170(1).

Before trial on the charge of bail jumping, the State filed a motion to admit

certified copies of court documents, including the Clerk minute entries and the court

orders filed with the Snohomish County Clerk's Office.[1] Sigurdson objected to

admission of the court documents. Sigurdson argued admission violated his

constitutional right to confrontation. The trial court rejected his argument. The court

ruled admission of the certified copies of the minute entries and court orders did not

violate the right to confrontation. The court ruled, in pertinent part:

> Melendez-Diaz[ v. Massachusetts, 557 U.S. 305, 129 S. Ct. 2527,
> 174 L. Ed. 2d 314 (2009),] and [State v. ]Jasper[,174 Wn.2d 96, 108, 271
> P.3d 876 (2012),] are distinguishable from the records we are talking
> about here. I'm familiar with the Certified Copy of the Driving Record that
> was the subject of the Court opinion in Jasper. I remembered those very
> clearly from the time I served as a District Court Judge, although that has
> been almost 20 years ago.
> Those are created for the purpose of litigation in a particular case,
> quite frankly. The documents here, each one of these, was prepared to
> establish the record in the case, in the original case, Taking a Motor
> Vehicle Without Permission in the Second Degree. They are required by
> law.

At trial, the State offered and the court admitted certified copies of Clerk minute

---

[1] The State did not pursue the charge of taking a motor vehicle without permission because
Sigurdson's grandmother would not cooperate with the State.

entries and court orders, including the minute entry on the return of the warrant dated June 11, 2012, Exhibit 2; the June 11, 2012 order setting bail, Exhibit 3; the June 11, 2012 order setting the trial date and the omnibus hearing, Exhibit 4; the minute entry from the bail hearing on June 19, 2012, Exhibit 5; the order on release entered on June 19, 2012, Exhibit 6; and the minute entry from the July 6, 2012 omnibus hearing noting Sigurdson failed to appear, Exhibit 7.

The court found Sigurdson guilty of bail jumping in violation of RCW 9A.76.170(1) and imposed a standard-range sentence of three months confinement.

ANALYSIS

Sigurdson appeals his conviction, arguing the court violated his Six Amendment right to confrontation by admitting into evidence the certified copies of the Clerk minute entries and court records.

We review alleged violations of the confrontation clause de novo. Jasper, 174 Wn.2d at 108. The confrontation clause guarantees the accused the right to confront the witnesses against him. U.S. CONST. amend. VI. Testimonial statements may not be admitted unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination. Crawford v. Washington, 541 U.S. 36, 68, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). " 'Testimony', in turn, is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.' " Crawford, 541 U.S. at 51[2] (quoting 2 N. Webster, AN AMERICAN DICTIONARY OF THE ENGLISH LANGUAGE (1828)).

As a general rule, admission of certified public records does not violate the Sixth

_____

[2] (Alteration in original.)

Amendment right to confrontation.

> Business and public records are generally admissible absent confrontation
> . . . because—having been created for the administration of an entity's
> affairs and not for the purpose of establishing or proving some fact at
> trial—they are not testimonial.

Melendez-Diaz, 557 U.S. at 324. A court record that is not created for use in a criminal proceeding is not testimonial because it "simply memorializes facts as they occurred in court, without reference to future litigation." State v. Hubbard, 169 Wn. App. 182, 186, 279 P.3d 521 (2012). Accordingly, public records that are kept in the regular course of business rather than prepared for the purposes of trial are not testimonial. State v. Benefiel, 131 Wn. App. 651, 656, 128 P.3d 1251 (2006) (prior judgment and sentence was not testimonial as it was not made to establish a fact in a criminal proceeding and declarant had no reasonable expectation that the State would rely on the record at trial), review denied, 158 Wn.2d 1009, 143 P.3d 829 (2006).

Here, the certified copies of the Clerk minute entries and the court orders were kept in the normal course of court proceedings and were not created for the purpose of proving some fact at trial. Because the certified copies of the court records are not testimonial, we affirm.

WE CONCUR: