FILED
COURT OF APPEALS
DIVISION II

2015 AUG 18 AM 9: 04

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　　　　Respondent,<br><br>　v.<br><br>TORIBIO AMARO-SOTELO,<br><br>　　　　　　　Appellant. | No. 46107-2-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Toribio Amaro-Sotelo appeals his jury trial convictions of second degree unlawful possession of a firearm and four counts of unlawful delivery of a controlled substance. We hold that (1) a testifying police detective did not improperly comment on Amaro-Sotelo's constitutional right to silence and constitutional right to a jury trial, (2) the trial court's admission of a certified record from the Judicial Information System (JIS) attesting to the existence of a prior assault conviction did not violate his right to confrontation, (3) the trial court did not err in admitting the certified JIS record, and (4) the trial court did not undermine the presumption of innocence and infringe on his right to present a defense by suggesting the jury could consider a prior assault conviction in determining the weight or credibility of his testimony. Accordingly, we affirm Amaro-Sotelo's convictions.

No. 46107-2-II

## FACTS

Following several controlled-buy operations in which a confidential informant purchased cocaine, methamphetamine, and a firearm from Amaro-Sotelo, the State charged Amaro-Sotelo with second degree unlawful possession of a firearm and four counts of unlawful delivery of a controlled substance. The case proceeded to a jury trial.

The confidential informant and the drug task force officers involved in the investigation testified about each of the controlled-buy operations, and the jury heard recordings of the informant's contacts with Amaro-Sotelo. The State also presented evidence that the informant had prior convictions for second degree possession of stolen property, third degree possession of stolen property, and "making a false statement." 1 Report of Proceedings (RP) at 90.

In addition to testifying about the investigation, Detective Jeffrey Lee Brown testified about Amaro-Sotelo's arrest. After Amaro-Sotelo had waived his *Miranda*[1] rights,[2] he denied selling any drugs. Detective Brown testified that he then told Amaro-Sotelo that he "knew that to be untrue" because the task force had purchased drugs from Amaro-Sotelo on several occasions. 2 RP at 333. When the State asked how Amaro-Sotelo responded to this statement, Detective Brown testified, "Well, he kind of smirked or smiled and looked up at the sky and said, 'Well, then, you're going to have to prove it.'" 2 RP at 334. Amaro-Sotelo did not object to this testimony.

_____

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] The trial court had previously ruled that Amaro-Sotelo's statements to Detective Brown were admissible. Amaro-Sotelo does not challenge the trial court's CrR 3.5 ruling.

2

Also during Detective Brown's testimony, the State asked him to identify exhibit 12, a certified JIS record from the Cowlitz County District Court showing that Amaro-Sotelo had a prior conviction for fourth degree domestic violence assault.[3] Exhibit 12 was a computer printout of a JIS record certified by the district court deputy clerk as being "a true and correct copy of the original on file in the" district court. Detective Brown identified exhibit 12 as a notarized document from Cowlitz County District Court and stated that this was "a court print-out of conviction" for fourth degree domestic violence assault. 2 RP at 313-14.

The State moved to admit exhibit 12. Defense counsel objected, stating, "[W]e would object to its admission for lack of foundation. I'm not sure it purports to show anything relevant other than my client has one misdemeanor conviction." 2 RP at 314. Following an unrecorded sidebar on the objection, the trial court admitted exhibit 12.

The State also presented testimony from a forensic scientist from the Washington State Patrol crime lab. He testified that he had found Amaro-Sotelo's fingerprint on the firearm's trigger.

Amaro-Sotelo's defense was a general denial. In addition to testifying himself, he called his son and a friend as witnesses who testified they had never seen Amaro-Sotelo sell drugs. Amaro-Sotelo's son also testified that he was the one who owned the firearm the informant purchased, that he sold the firearm to the informant, and that he never saw his father handling the

---

[3] A person commits second degree unlawful possession of a firearm if that person possesses a firearm and has previously been convicted of fourth degree assault committed against a family or household member. RCW 9.41.040(2)(a)(i).

gun. Amaro-Sotelo testified that he had only been joking with the informant about drugs and the only thing he sold to the informant were car parts.

After the parties rested, the trial court allowed the State to reopen its case to submit two additional exhibits, exhibits 14 and 15, intended to show that Amaro-Sotelo was the person named in exhibit 12. Exhibit 14 was a fingerprint "analysis or exemplar" containing Amaro-Sotelo's name, date of birth, and address, which matched the information on exhibit 12. 2 RP at 456. Exhibit 15 was a booking photograph for the incident that generated the fingerprint exemplar. The trial court admitted these exhibits.

The trial court then instructed the jury. Two of these instructions referred to prior convictions. The first, instruction 7, stated, "You may consider evidence that a witness has been convicted of a crime only in deciding what weight or credibility to give the testimony of the witness and for no other purpose." Clerk's Papers (CP) at 31.

The second, instruction 8, stated:

> Certain evidence has been admitted for a limited purpose. The State has offered Exhibits 12, 14 and 15 as evidence of element two of Count V [the unlawful possession of a firearm charge].
> You may consider this evidence solely for this purpose and for no other purpose.

CP at 32.

The jury found Amaro-Sotelo guilty as charged. He appeals his convictions.

## ANALYSIS

### I. COMMENT ON CONSTITUTIONAL RIGHTS

Amaro-Sotelo first argues that Detective Brown's testimony that Amaro-Sotelo "smirked" before stating that the State was going to have to prove any charges against him was an impermissible comment on his exercise of his right to remain silent. Br. of Appellant at 9. He further argues that this was also an impermissible comment on his intent to exercise his right to due process to require the State to prove the elements of the offenses in a jury trial. Even presuming, but not deciding, that these issues qualify as manifest constitutional errors,[4] these arguments fail.

"A comment on an accused's silence occurs when used to the State's advantage either as substantive evidence of guilt or to suggest to the jury that the silence was an admission of guilt." *State v. Lewis*, 130 Wn.2d 700, 707, 927 P.2d 235 (1996); *see also State v. Burke*, 163 Wn.2d 204, 225, 181 P.3d 1 (2008). Here, however, Amaro-Sotelo was not exercising his right to silence—in fact, he was talking to Detective Brown after waiving his *Miranda* rights. Thus, this testimony was not a comment on Amaro-Sotelo's exercise of his right to remain silent.

Regarding his claim that Detective Brown's testimony was an improper comment on his right to require the State to prove the offenses in a jury trial, Amaro-Sotelo cites only *State v. Holmes*, 122 Wn. App. 438, 93 P.3d 212 (2004), and *State v. Silva*, 119 Wn. App. 422, 81 P.3d 889 (2003). But these cases address witnesses' impermissible comments on the defendant's right to silence and are inapposite here. Amaro-Sotelo does not cite any cases that support his argument.

---

[4] RAP 2.5(a)(3).

RAP 10.3(a)(6); *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990). Accordingly, we reject that argument.

## II. CONFRONTATION RIGHT

Sotelo next argues that the admission of exhibit 12 violated his Sixth Amendment[5] and article I, section 22[6] confrontation rights because he was not permitted to cross-examine the person who created the document. Even presuming that this was a manifest constitutional error that Amaro-Sotelo can raise for the first time on appeal, this argument fails.

The confrontation clause prohibits the admission of *testimonial* hearsay statements in a criminal case without an opportunity for cross-examination. *State v. Fleming*, 155 Wn. App. 489, 501, 228 P.3d 804 (2010). We review alleged confrontation clause violations de novo. *State v. Medina*, 112 Wn. App. 40, 48, 48 P.3d 1005 (2002).

As a general rule, the admission of certified public records does not violate the Sixth Amendment right to confrontation:

> Business and public records are generally admissible absent confrontation . . . because—having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial—they are not testimonial.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 324, 129 S. Ct. 2527, 174 L. Ed. 2d 314 (2009). And a court record that is not created for use in a criminal proceeding is not testimonial—it "simply

---

[5] The Sixth Amendment confrontation clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI.

[6] Article I, section 22 of the Washington State Constitution provides that "[i]n criminal prosecutions, the accused shall have the right . . . to meet the witnesses against him face to face."

memorializes facts as they occurred in court, without reference to future litigation." *State v. Hubbard*, 169 Wn. App. 182, 186-87, 279 P.3d 521 (2012); *see also State v. Benefiel*, 131 Wn. App. 651, 656, 128 P.3d 1251 (2006) (prior judgment and sentence was not testimonial as it was not made to establish a fact in a criminal proceeding and the declarant had no reasonable expectation that the State would rely on the record at trial).

Here, the document in question was a copy of a record on file in the court system and was an official court record.[7] *State v. Cross*, 156 Wn. App. 568, 588, 234 P.3d 288 (2010) (records from the JIS are "official court records"), *remanded on other grounds*, 172 Wn.2d 1009 (2011).[8] Because it was not testimonial, Amaro-Sotelo cannot show his confrontation rights were violated and this argument fails.[9]

---

[7] Amaro-Sotelo argues that this JIS printout was "created" for trial. Br. of Appellant at 14. Although the physical document was printed and certified for trial, the JIS record itself was created following his conviction in district court, not in anticipation of this trial, and the certification only stated that the physical document was a true and correct copy of the original record. Accordingly, this argument has no merit.

[8] In his reply, Amaro-Sotelo asserts that *Cross*, 156 Wn. App. at 588, is inapplicable here because it addresses whether a similar document was sufficient to meet the State's burden of proving prior convictions at sentencing and does not address whether such documents were testimonial or otherwise admissible. But we rely on *Cross* solely for the proposition that such records are official court records, which is independent of this distinction.

[9] Amaro-Sotelo also argues that his trial counsel was ineffective for failing to object to exhibit 12 on confrontation grounds. Because we hold that there is no confrontation clause issue, Amaro-Sotelo does not show that his counsel's failure to raise this argument was deficient performance or prejudicial and this argument fails. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (to establish ineffective assistance of counsel, appellant must show both deficient representation and prejudice).

### III. FACTUAL FOUNDATION

Sotelo next argues that the trial court erred in admitting exhibit 12 because the State did not provide an adequate factual foundation. He contends that (1) exhibit 12 was not a "court 'record or proceeding'" for purposes of RCW 5.44.010, so a foundation was required, and (2) there was no testimony "regarding who created the printout, how it was created, what system it came from, or whether it was accurate." Br. of Appellant at 16-17. We hold that the trial court did not err in admitting exhibit 12, an official court record, because it was admissible under RCW 5.44.040.

We review a trial court's decision to admit evidence for abuse of discretion. *State v. Wade*, 138 Wn.2d 460, 463-64, 979 P.2d 850 (1999). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Wade*, 138 Wn.2d at 464.

RCW 5.44.040 permits admission of "[c]opies of all records and documents . . . on file" in this state when certified by "respective officers having by law the custody thereof. . . ." A public record certified in this manner is self-authenticated. ER 902(d);[10] *State v. Monson*, 113 Wn.2d 833, 836-37, 784 P.2d 485 (1989). "To be admissible, the public document must (1) contain facts

---

[10] ER 902 provides in part:
> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (d) Certified Copies of public Records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, *including data compilations in any form*, certified as correct by the custodian or other person authorized to make the certification.

(Emphasis added.)

rather than conclusions that involve judgment, discretion or the expression of opinion; (2) relate to facts that are of a public nature; (3) be retained for public benefit; and (4) be authorized by statute." *State v. Chapman*, 98 Wn. App. 888, 891, 991 P.2d 126 (2000).

Although Amaro-Sotelo asserts this JIS printout is not a court record or proceeding under RCW 5.44.010, he does not argue that it is not admissible under RCW 5.44.040 because it is not a "public document" that meets the above criteria. The certification on this official court record established that (1) it was a copy of a record on file in the Cowlitz County District Court, and (2) it was certified as a true and correct copy by the deputy clerk. Ex. 12. This is sufficient to comply with RCW 5.44.040, and the trial court did not abuse its discretion in admitting this exhibit.

IV. FAILURE TO LIMIT USE OF PRIOR ASSAULT CONVICTION

Finally, Amaro-Sotelo argues that the trial court undermined the presumption of innocence and infringed on his right to present a defense when it suggested that the jury could consider his prior assault conviction in determining the weight or credibility of his testimony. We decline to reach this issue under RAP 2.5(a).

We agree that jury instruction 7 was improper in this case because it arguably allowed the jury to consider Amaro-Sotelo's prior conviction for credibility and weight purposes despite its not being admissible for those purposes under ER 609(a). But because he did not object to this jury instruction, we will not review this issue unless Amaro-Sotelo first establishes that it is a manifest error affecting a constitutional right. RAP 2.5(a)(2). To do so, he must "show both that (1) the error implicates a specifically identified constitutional right, and (2) the error is 'manifest' in that it had 'practical and identifiable consequences' in the trial below." *State v. Bertrand,*

No. 46107-2-II

165 Wn. App. 393, 400, 267 P.3d 511 (2011) (quoting *State v. Grimes*, 165 Wn. App. 172, 186, 267 P.3d 454 (2011)). This he fails to do.

Despite Amaro-Sotelo's assertion that this instruction undermined the presumption of innocence and infringed on his right to present a defense, this instruction merely allowed the jury to consider his prior conviction when evaluating the credibility and weight of his testimony even though the conviction was not admissible for that purpose. *See* ER 609(a). Such an error is not an issue of constitutional magnitude and, thus, cannot be raised for the first time on appeal. *State v. Ray*, 116 Wn.2d 531, 546, 806 P.2d 1220 (1991) (erroneous ER 609(a) rulings are not constitutional errors). Accordingly, we hold that Amaro-Sotelo has waived this issue.

We affirm Amaro-Sotelo's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, P.J.

LEE, J.

10