COURT OF APPEALS DIV 1
2018 APR 23  AM 8: 31



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75763-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DANZEL L. PHIPPS, | ) | |
| | ) | FILED:  April 23, 2018 |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Danzel Phipps appeals his conviction for bail jumping. Phipps contends there was insufficient evidence that he was released by a court order. The State presented evidence the court warned Phipps that failure to comply with an order resetting an omnibus hearing "may result in revocation of bail and/or personal recognizance previously ordered in this cause."[1]  Because a jury could reasonably infer from this warning that Phipps had been released from custody by a court order, there was sufficient evidence to support Phipps' bail jumping conviction.

Phipps also argues the trial court violated his confrontation right by admitting a minute entry and an order directing the issuance of a bench warrant. Because both documents were nontestimonial and certified court records falling

---

[1] Ex. 4.

within the public records exception to the hearsay rule, the trial court properly admitted these documents.

Phipps challenges the constitutionality of the mandatory victim penalty assessment (VPA) and DNA collection fee as applied to him. Because Phipps does not assert any new arguments, we follow existing case law and conclude imposition of these mandatory fees did not violate Phipps' due process right.

On cross appeal, the State argues the court abused its discretion in failing to impose a $200 criminal filing fee. The criminal filing fee is mandatory under RCW 26.18.020(2)(h). Therefore, we remand for imposition of a $200 criminal filing fee.

## FACTS

On August 12, 2015, the State charged Phipps with indecent liberties. On August 26, 2015, the court arraigned Phipps and released him on bail. The court set an omnibus hearing for September 17, 2015. On September 17, 2015, Phipps appeared in court, and the court reset the omnibus hearing for October 1, 2015. On October 1, 2015, Phipps appeared in court, and the court reset the omnibus hearing for October 15, 2015.

On October 15, 2015, Phipps failed to appear. The court issued a bench warrant. The State filed an amended information adding a count of bail jumping and second degree rape.

At trial, the court admitted the original information, the minute entry showing Phipps' out-of-custody appearance on October 1st, the October 1st order resetting

the hearing dates, the minute entry showing Phipps failure to appear on October 15th, and the order directing the issuance of a bench warrant. The jury found Phipps guilty of bail jumping and not guilty of the other counts.

At sentencing, the court imposed a $500 VPA and a $100 DNA collection fee. The court refused to impose a $200 criminal filing fee.

Phipps appeals and the State cross appeals.

ANALYSIS

## I. Sufficiency of the Evidence

Phipps contends there was insufficient evidence to sustain his conviction for bail jumping.

"'The sufficiency of the evidence is a question of constitutional law that we review de novo.'"[2] To determine whether there is sufficient evidence to sustain a conviction, we review the evidence in the light most favorable to the State and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3] "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom."[4]

To convict a defendant of bail jumping, the State must prove beyond a reasonable doubt that the defendant "(1) was held for, charged with, or convicted of a particular crime; (2) was released by court order or admitted to bail with the

---

[2] State v. Hummel, 196 Wn. App. 329, 352, 383 P.3d 592 (2016) (quoting State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016)).

[3] State v. Elmi, 166 Wn.2d 209, 214, 207 P.3d 439 (2009).

[4] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

requirement of a subsequent personal appearance; and (3) knowingly failed to appear as required."[5]

Phipps claims the State failed to present evidence that he had been "released by a court order." At trial, the court admitted the October 1st order resetting the omnibus hearing. The order stated, "Failure to comply with this order may result in the revocation of bail and/or personal recognizance previously ordered in this cause."[6]

Viewed in the light most favorable to the State, a jury could reasonably infer from the statement in the October 1st order that Phipps had been released from custody by court order, either by posting bail or on his personal recognizance. Thus, we conclude that the State presented sufficient evidence to support Phipps' bail jumping conviction.

## II. Right to Confrontation

Phipps argues the trial court violated his confrontation right by admitting as evidence (1) exhibit 5A, the October 15th minute entry, and (2) exhibit 6, the October 15th order directing the issuance of a bench warrant.

"We review alleged confrontation clause violations de novo."[7] The Sixth Amendment guarantees a criminal defendant's right to "'be confronted with the

---

[5] State v. Malvern, 110 Wn. App. 811, 813-14, 43 P.3d 533 (2002).

[6] Ex. 4.

[7] State v. Hubbard, 169 Wn. App. 182, 185, 279 P.3d 521 (2012) (quoting State v. Medina, 112 Wn. App. 40, 48, 48 P.3d 1005 (2002)).

witnesses against him.'"[8] The confrontation clause prohibits the admission of testimonial hearsay statements in a criminal case without an opportunity for cross-examination.[9] "Generally, a statement is testimonial if made to establish or prove some fact or if a reasonable person in the declarant's position would anticipate that his or her statement would be used against the accused in investigating or prosecuting a crime."[10]

Phipps claims the minute entry and order are testimonial and therefore he must be allowed to confront the authors before their admission. Clerk M. Stewart created the minute entry and Judge Linda Krese authored the order. The State offered the testimony of Heidi Percy, a judicial operations manager, to authenticate these documents. Percy testified that she did not prepare either document or have personal knowledge as to the information contained in either document.

Here, the October 15th minute entry was not created for the purpose of proving some fact in anticipation of criminal prosecution. Rather, the purpose of the clerk's minute entry is to create "an independent record of what is occurring in court."[11] Similarly, in State v. Hubbard, Division Two of this court determined that a minute entry was not testimonial because it was prepared for the purpose of memorializing a court action of serving a defendant with a no-contact order.[12] And

---

[8] U.S. CONST. amend. VI.

[9] Hubbard, 169 Wn. App. at 185.

[10] State v. Hart, 195 Wn. App. 449, 459, 381 P.3d 142 (2016).

[11] Report of Proceedings (RP) (July 12, 2016) at 167.

[12] 169 Wn. App. 182, 185-87, 279 P.3d 521 (2012)

the October 15th order directing the issuance of a bench warrant was not created for the purpose of proving some fact in anticipation of criminal prosecution. The court order was prepared for the purpose of obtaining Phipps' presence in court.

Similarly, in State v. Hart, Division Two of this court determined that an order to appear was not testimonial because it was prepared to inform the defendant of his obligation to appear in court at a certain date and time.[13]

"Nontestimonial statements do not implicate the confrontation clause and are admissible if they fall within a hearsay exception."[14] Certified court records fall within the recognized hearsay exception for public records.[15]

Here, the minute entry and court order are nontestimonial certified court records falling within the public records exception to the hearsay rule.

We conclude the trial court did not violate Phipps' confrontation right under the Sixth Amendment in admitting the minute entry and order.

## III. VPA/DNA Collection Fee

Phipps contends the sentencing court violated his right to due process by ordering him to pay a $500 VPA and $100 DNA collection fee without first inquiring into his ability pay such costs.

---

[13] 195 Wn. App. 449, 460-61, 381 P.3d 142 (2016).

[14] Hubbard, 169 Wn. App. at 187 (quoting State v. Saunders, 132 Wn. App. 592, 601, 132 P.3d 743 (2006)).

[15] Id. (citing RCW 5.44.010, .040; State v. Benefiel, 131 Wn. App. 651, 654-55, 128 P.3d 1251 (2006)).

"[U]nlike discretionary legal financial obligations, the legislature unequivocally requires imposition of the mandatory DNA fee and the mandatory victim penalty assessment at sentencing without regard to finding the ability to pay."[16] Accordingly, Washington courts have routinely rejected identical due process challenges to mandatory fees.[17]

Because Phipps does not assert any new arguments, we follow existing case law and conclude that imposition of the VPA and DNA collection fee did not violate Phipps' right to due process.

III. Criminal Filing Fee

On cross appeal, the State argues the court erred in failing to impose a mandatory criminal filing fee.

"[A] $200 criminal filing fee is required by RCW 36.18.020(2)(h), irrespective of the defendant's ability to pay."[18]

At sentencing, the State asked the court to impose mandatory legal financial obligations, including the criminal filing fee. The court imposed the mandatory VPA and DNA fee and stated, "I do believe that he is indigent at this point. So I am going to waive the other costs, fees and assessments."[19]

---

[16] State v. Shelton, 194 Wn. App. 660, 673-74, 378 P.3d 230 (2016); see also State v. Mathers, 193 Wn. App. 913, 918, 376 P.3d 1163 (2016) ("Washington courts have consistently held that a trial court need not consider a defendant's past, present, or future ability to pay when it imposes either DNA or VPA fees.").

[17] See Mathers, 193 Wn. App. at 927-29.

[18] State v. Lundy, 176 Wn. App. 96, 103, 308 P.3d 755 (2013).

[19] RP (Aug. 30, 2016) at 15.

We conclude the trial court erred in failing to impose the mandatory filing fee. Therefore, we remand for imposition of a $200 criminal filing fee.

WE CONCUR: