IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33028-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| LISA ELAINE THYSELL, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Some cases state the defendant must produce evidence of self-defense to be entitled to a self-defense instruction. At issue here is whether a defendant is entitled to a self-defense instruction when only the State produces evidence of self-defense. We take this opportunity to clarify the law. We hold that a defendant is entitled to a jury instruction on self-defense when, considering *all* of the evidence, the jury could have a reasonable doubt as to whether the defendant acted in self-defense. Here, the trial court refused to give the requested instruction because only the State presented evidence of self-defense. We conclude the trial court erred, and reverse and remand for a new trial.

I. SELF-DEFENSE EVIDENCE

Our review of the issue requires us to examine the evidence that Ms. Thysell claims entitles her to a self-defense instruction. We begin by reviewing Deputy Ross Guiney's trial testimony. He testified to the following on direct:

Ms. Thysell called 911 and reported that her daughter, Ashley Calkins, bit off her finger during a fight between the two of them. Dispatch called Deputy Guiney, and he reported to the address provided. He met Ms. Thysell in a field near the address. Ms. Thysell had what was left of her finger wrapped in a towel. Deputy Guiney asked if she needed medical aid. She declined. But because of the amount of bleeding, he called for an ambulance anyway.

While waiting for the ambulance, Deputy Guiney asked Ms. Thysell what happened. Ms. Thysell said she believed her daughter had stolen from her so she wanted to confront her. Ms. Thysell said she went to her daughter's trailer, knocked, and when nobody answered, she threatened to break a window. Ms. Thysell said her daughter then opened the door, they fought in the doorway, and she eventually entered the trailer and looked for the item but did not find it.

Deputy Guiney then asked Ms. Thysell if she would give a recorded statement. She said she would. Still testifying on direct, Deputy Guiney related the recorded statement to the jury:

> [S]he said that a firearm was stolen from her property and she thought her daughter had done it because her daughter had stolen from her before. So she went out to a trailer that her daughter was staying in. . . .
> [When Ms. Thysell] went out there, she knocked on the door, she knew her daughter Ashley was inside. When nobody would answer she said she threatened to break a window just to get her to come to the door. She said [she] wasn't really going to break the window, [she] just was trying to get her to come to the door . . . .
> She said . . . her daughter finally opened the door, when she did . . . she tried to walk in but her daughter pushed her down the stairs, that's where the altercation happened because [Ms. Thysell] said she did not want to fall off the stairs so she grabbed a hold of [her daughter] and was trying to hold on and that's when [her daughter] was biting her, bit her in the arm . . . and then bit her finger. And then they exchanged a couple of hits, blows, fists . . . .
> And then [Ms. Thysell] said [her daughter] kind of gave up and she went into the trailer to look for the firearm, could not find the firearm and then left and went into the field and called 9-1-1.

Report of Proceedings (RP) (Dec. 3, 2014) at 13-14.

Ms. Calkins testified at trial and refuted her mother's statement to Deputy Guiney. Ms. Calkins testified she would not let her mother in her trailer, and in response, her mother grabbed her, wrestled her down onto the ground, and beat her with her hands and a rock. Ms. Calkins testified that she bit her mother's finger during the fight. Deputy Guiney described Ms. Calkins' wounds as scratches that did not bleed.

3

Ms. Thysell requested a jury instruction on self-defense. The State argued such an instruction was not appropriate because *Ms. Thysell* failed to present evidence of self-defense. And because the only evidence that arguably would support the instruction came through the State's witness on direct, Ms. Thysell was not entitled to her requested instruction. The trial court agreed with the State's argument and refused to instruct the jury on self-defense.

The jury found Ms. Thysell not guilty on the more serious charge of first degree burglary, but found her guilty on the charge of fourth degree assault, domestic violence. Ms. Thysell appeals.

## II. ANALYSIS

Ms. Thysell argues the trial court erred by refusing her requested self-defense instruction. The parties agree the trial court refused Ms. Thysell's instruction because Ms. Thysell failed to produce the evidence on which her instruction was based. Ms. Thysell argues it is irrelevant who produces the evidence, so long as there is sufficient evidence in the record to warrant a self-defense instruction.

Our standard of review for a trial court's refusal to instruct on self-defense depends on whether the refusal was based on fact or on law. *State v. George*, 161 Wn. App. 86, 94, 249 P.3d 202 (2011) (citing *State v. Walker*, 136 Wn.2d 767, 771-72, 966

4

P.2d 883 (1998)). Here, the trial court ruled as a matter of law that Ms. Thysell was not entitled to a jury instruction on self-defense unless *she* produced the evidence on which such an instruction would be warranted. Our review therefore is de novo.

The State argues a self-defense instruction is warranted only if the defendant produces the evidence on which the instruction is based. The State cites *State v. Janes*, 121 Wn.2d 220, 237, 850 P.2d 495 (1993), *State v. Walden*, 131 Wn.2d 469, 473-74, 932 P.2d 1237 (1997), and *State v. McCreven*, 170 Wn. App. 444, 462, 284 P.3d 793 (2012).

*McCreven* quotes *Walden*, which ascribes the following rule to *Janes*:

> "To be entitled to a jury instruction on self-defense, the defendant must produce some evidence demonstrating self-defense; however, once the defendant produces some evidence, the burden shifts to the prosecution to prove the absence of self-defense beyond a reasonable doubt."

*McCreven*, 170 Wn. App. at 462 (quoting *Walden*, 131 Wn.2d at 473-74) (citing *Janes*, 121 Wn.2d at 237). A review of the arguments and issues raised in these decisions verifies the decisions were explaining burden shifting, and keeping the burden of proof always on the State. The decisions were not intentionally announcing a new rule that a defendant no longer was entitled to the benefit of the evidence produced by the State. None of those courts addressed the argument that the State makes here—that the trial court must ignore evidence produced by the State that would warrant a self-defense instruction.

5

No decision in this state has ever directly held that a trial court or a trier of fact must consider only the evidence produced by one party when deciding if a claim or defense has been proved. Such a rule would conflict with 11 *Washington Practice: Washington Pattern Jury Instructions: Criminal* 1.02, at 13 (3d ed. 2008), a general instruction given in this and every criminal case. The instruction states in relevant part: "Each party is entitled to the benefit of all of the evidence, whether or not that party introduced it." Clerk's Papers at 16.

To the extent that language in *Janes*, *McCreven* and *Walden* can be construed otherwise, we believe the language was unintentional. We hold that a defendant is entitled to a self-defense instruction when, considering *all* of the evidence, the jury could have a reasonable doubt as to whether the defendant acted in self-defense.

Considering all the evidence in this case, a jury could have reasonable doubt who started the fight and whether Ms. Thysell's actions were in lawful self-defense. Ms. Thysell, through Deputy Guiney, said her daughter pushed her down the stairs. According to Ms. Thysell, she grabbed her daughter to keep from falling, and it was at this time when her daughter began biting her. This biting precipitated the fight where Ms. Thysell's wounds were significantly greater than her daughter's. We hold the trial court erred by refusing to give Ms. Thysell's proposed self-defense instruction.

No. 33028-1-III
*State v. Thysell*

Reversed.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

7