# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

STATE OF WASHINGTON,

        Respondent,

v.

MICHAEL FRANK WOODS,

        Appellant.

No.  55866-1-II

UNPUBLISHED OPINION

PRICE — Michael F. Woods appeals his conviction of one count of a domestic violence felony violation of a no-contact order.  Woods argues that he received ineffective assistance of counsel because his attorney did not request a self-defense jury instruction.  In a statement of additional grounds (SAG), Woods also raises the issue of counsel failing to request a self-defense jury instruction, as well as the issues of his offender score being incorrectly calculated and the trial court erroneously denying his request for a trial continuance.

We determine that Woods has not shown ineffective assistance of counsel because there is no evidence justifying the self-defense instruction.  Even if there was such evidence, not asserting self-defense was a legitimate trial strategy by his counsel.  We affirm Woods' conviction but remand for the trial court to correct a scrivener's error on the statement of criminal history.

No. 55866-1-II

FACTS

I. BACKGROUND FACTS

In April of 2020, Shawna McCutchan was listed as a protected person in a domestic violence no-contact order issued against Woods. Notwithstanding the no-contact order, Woods and McCutchan were living together at the time. Around midnight on the evening of April 9, an altercation occurred between Woods and McCutchan. Woods began calling McCutchan names and then head-butted her repeatedly. McCutchan left the residence and returned a few hours later. Law enforcement was not immediately called.

Two days later, McCutchan reached out to her family to ask them for help to contact the police. McCutchan's father approached a police patrol vehicle and asked that they respond to the Woods/McCutchan residence to investigate the incident. The officers responded and, following their investigation, Woods was arrested and charged with one count of domestic violence felony violation of a no-contact order. The charge alleged that Woods willfully violated the no-contact order by assaulting McCutchan.

Woods pleaded not guilty, and the case proceeded to a jury trial.

II. PRELIMINARY RULINGS

Before jury selection began, the trial court asked if there were any motions in limine that needed to be resolved. Woods requested the trial court decide which party's version of jury instructions would be used, especially because the instruction defining assault might affect Woods' trial strategy. The trial court adopted the State's proposed instructions.

After the trial court adopted the State's jury instructions, Woods requested a supplemental self-defense instruction that had been originally included in Woods' proposed instructions. The

2

trial court denied Woods' request, apparently deciding that Woods was foreclosed from arguing self-defense because of the nature of the charge.

Following these initial pretrial rulings, Woods' counsel stated they had prepared for a different trial and that they would have to "substantially change gears." Verbatim Report of Proceedings (VRP) at 52. Woods did not overtly move the trial court for a continuance, but his counsel suggested that the defense would be open to moving the trial to the following week if the trial court was so inclined. The court expressed reluctance about moving the trial because of a backlog of trials set for the following week.

At that point, with Woods' counsel implying that the defense might be less prepared given the pretrial rulings, the State suggested it was concerned about moving forward if defense counsel would be ineffective. The trial court responded by encouraging Woods and his counsel to meet privately to discuss whether they were prepared to proceed with trial. Following this attorney-client conference, Woods' counsel stated that she was prepared for trial.

Woods filed a motion for reconsideration of the trial court's denial to include a self-defense instruction. Immediately prior to opening statements, the trial court reversed its previous decision that self-defense was not available because of the nature of the charge and, instead, invited Woods, if desired, to request a self-defense instruction again after the close of evidence. Following the close of evidence, however, Woods' counsel did not renew her request for a self-defense jury instruction.

## III. TRIAL

The evidence admitted at trial focused on whether an assault occurred, as that was the contested component of the felony violation of a no-contact order charge. If the assault was not

3

proven, the verdict forms also contained the lesser-included nonfelony offense of violation of a no-contact order.

McCutchan testified that on the night of April 9, she took out the garbage while Woods was outside talking with a neighbor. Woods asked her to leave some items next to the garbage can, but she did not hear him. Woods began calling her names and moved toward her. McCutchan went back inside the house, and Woods followed her and began head-butting her. She reacted by scratching at Woods' neck and pushing him to get away, while Woods continued to grab and head-butt her. McCutchan retreated further into the house to get away from Woods, but he followed her and the altercation continued. Woods began bleeding and spit blood on McCutchan.[1] The two then moved to the bedroom where Woods continued to head-butt McCutchan. She repeatedly asked Woods to leave, but he refused. McCutchan packed up some personal belongings and left the house for a couple of hours.

The three police officers who responded to the Woods/McCutchan residence two days after the incident testified that Woods did not have any significant obvious injuries at the time of their investigation. The officers also testified that McCutchan did not have any visible injuries during their investigation.

Woods did not testify at trial. However, he called a neighbor as a witness. The neighbor testified that Woods arrived at the neighbor's residence on the night of April 9 and asked the

---

[1] During closing arguments, the prosecuting attorney speculated that it was possible that Woods "hit himself on her head and caused himself to bleed" when head-butting McCutchan. VRP at 245.

4

neighbor to take photographs of scratches on Woods' neck. The neighbor did not know how Woods received the scratches.

At the close of trial, the jury found Woods guilty of the felony violation of a no-contact order charge. During sentencing, defense counsel acknowledged that it was agreed "from the [d]efense's perspective" that Woods' correct offender score was nine. VRP at 278-79. The trial court imposed a standard range sentence of 60 months.

Woods appeals.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Woods argues he received ineffective assistance of counsel because his attorney did not renew her request for a self-defense jury instruction. Woods contends that he would have been entitled to a self-defense instruction because he offered evidence that he sustained injuries and McCutchan did not have visible injuries. Woods further contends that not asserting self-defense would not have been a legitimate trial strategy because his counsel initially stated that self-defense would be their theory of the case. We disagree.

Claims of ineffective assistance of counsel are reviewed de novo. *State v. Vazquez*, 198 Wn.2d 239, 249, 494 P.3d 424 (2021). To show they received ineffective assistance of counsel, an appellant must show that the attorney's performance was deficient and that the deficiency prejudiced the appellant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984); *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 35, 296 P.3d 872 (2013). Failure to establish either prong is fatal to the claim. *Strickland*, 466 U.S. at 700.

Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011), *cert. denied*, 574 U.S. 860 (2014). Generally, to show that trial counsel was deficient, " 'the defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel.' " *Vazquez*, 198 Wn.2d 239, 248 (quoting *State v. McFarland*, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995)). "Defense '[c]ounsel engages in . . . legitimate trial tactic[s] when forgoing an objection in circumstances when counsel wishes to avoid highlighting certain evidence.' " *Id.* (alterations in original) (quoting *State v. Crow*, 8 Wn. App. 2d 480, 508, 438 P.3d 541 (2019)). This court engages in a strong presumption that counsel's performance was reasonable. *Grier*, 171 Wn.2d at 33.

Where the claim of ineffective assistance is based upon counsel's failure to request a particular jury instruction, the appellant must first show he or she was entitled to the instruction. *State v. Thompson*, 169 Wn. App. 436, 495, 290 P.3d 996 (2012), *review denied*, 176 Wn.2d 102 (2013). The burden for the appellant to show they were entitled to the instruction is low. *State v. Janes*, 121 Wn.2d 220, 237, 850 P.2d 495 (1993).

To obtain a self-defense instruction, the defendant has the initial burden of showing some evidence that they acted in self-defense. *State v. Fisher*, 185 Wn.2d 836, 850-51, 374 P.3d 1185 (2016). To determine whether some evidence supports a self-defense jury instruction, the entire record is reviewed in the light most favorable to the defendant. *State v. Callaha*n, 87 Wn. App. 925, 933, 943 P.2d 676 (1997). Some evidence of self-defense can include contradictory testimony of who started the physical altercation and how injuries were sustained. *See State v. Thysell*, 194 Wn. App. 422, 426-27, 374 P.3d 1214 (2016).

Here, while there was some evidence through the neighbor's testimony that Woods was injured, evidence of injuries falls short of some evidence of self-defense. Woods did not testify that he was acting in self-defense and no other evidence contradicts McCutchan's testimony about the altercation being started by Woods head-butting her. There is simply no evidence controverting McCutchan's version of the April 9 incident. Without being entitled to a self-defense instruction, defense counsel's performance could not be deficient for failing to request it.

Even if there was some evidence of self-defense to support giving a self-defense instruction, Woods must still show that his attorney performed deficiently by not requesting the instruction. The State argues defense counsel was not deficient because it was a legitimate trial strategy to not request it. We agree with the State.

While defense counsel initially indicated that the defense would be premised on self-defense, the actual trial strategy appears to have been that no assault occurred on McCutchan. Defense counsel repeatedly stated during closing arguments that because Woods was bleeding, but there was no blood evidence tied to McCutchan, there was no proof that Woods committed any assault on her. For example, Wood's counsel argued to the jury:

> Use your common sense. If Mr. Woods was bleeding, which the evidence clearly states he was that night, and then continued to hit Ms. McCutchan, our common sense tell (sic) us -- tells us that Ms. McCutchan should also have blood on her person if a touching occurred. [The neighbor] testified that he saw no marks, nothing visible on Ms. McCutchan, no blood.

VRP at 254-55.

In the face of the evidence and defense counsel's argument, it would contradict Woods' defense that he did not hit McCutchan to then request a self-defense jury instruction because a defendant asserting self-defense is ordinarily required to admit they committed an assault. *See*

7

*State v. Pottorff*, 138 Wn. App. 343, 348, 156 P.3d 955 (2007) (a defendant asserting self-defense is ordinarily required to admit he or she committed an assault). Conceding to the jury that he hit McCutchan, even as an alternative argument based on self-defense, when whether Woods even hit McCutchan was the central issue at trial, would have had risk to the defense. Avoiding the need to present contradictory defense theories to the jury can be a legitimate trial strategy.

Woods has not shown that he would have been entitled to a self-defense instruction. And even if he was entitled to the instruction, his counsel exercised a legitimate trial strategy when she did not renew her request for a self-defense jury instruction. Especially given the presumption of reasonable performance, Woods has not shown that his counsel's performance was deficient and, accordingly, his claim of ineffective assistance of counsel fails.

## II. STATEMENT OF ADDITIONAL GROUNDS[2]

### A. OFFENDER SCORE CALCULATION

Woods argues in his SAG that his offender score was incorrect. Woods appears to argue that a prior conviction of second degree possession of stolen property was incorrectly included in his offender score because the date of sentencing reflected on the statement of criminal history occurred before the date of the crime listed on that same document. The statement of criminal history states that the sentencing date for the second degree possession of stolen property conviction was December 23, 1994, but the date the crime occurred was almost one month later, on January 19, 1995.

---

[2] Woods further argues in his SAG that he received ineffective assistance because his attorney did not request a self-defense jury instruction. Because this argument is fully addressed above, we need not separately address this claim again.

Washington courts "hold that in general a defendant cannot waive a challenge to a miscalculated offender score" when based on legal error. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). While waiver does not apply to a legal error, waiver can be found where the alleged error involves later disputed facts. *State v. Ross*, 152 Wn.2d 220, 231, 95 P.3d 1225 (2004). A scrivener's error is a clerical mistake that, when amended, would correctly convey the trial court's intention as expressed in the record at trial. *State v. Snapp*, 119 Wn. App. 614, 627, 82 P.3d 252, *review denied*, 152 Wn.2d 1028 (2004). The remedy for a scrivener's error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016).

At sentencing, Woods' counsel affirmatively agreed that Wood's offender score was nine. This acknowledgment waives any factual dispute with his offender score. Nevertheless, with respect to the conviction for possession of stolen property, Woods does identify an apparent error—the date the crime occurred obviously could not be one month after his sentencing date. The explanation for the nonsensical dates is more likely a scrivener's error, rather than it being a fictitious crime. We remand to the trial court to correct the scrivener's error.

Woods also appears to argue that three separate convictions of delivery of methamphetamines listed on his statement of criminal history that were sentenced on the same date should have been considered one conviction, and, therefore, should count as one point for his offender score.

For the purpose of calculating a defendant's offender score, multiple current offenses that encompass the same criminal conduct are counted as a single offense. RCW 9.94A.589(1)(a).

Crimes constitute the "same criminal conduct" when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id.*

Even though the three convictions were sentenced on the same date, the dates of the crimes for these convictions are all different. Clearly, these offenses did not occur at the same time and, therefore, cannot be the same criminal conduct. We determine that these convictions were correctly calculated in Woods' offender score.

B. REQUEST FOR A CONTINUANCE

Finally, Woods argues that the trial court erred when it denied his request for a continuance. Woods contends that because his counsel stated that she was not prepared for trial, the court should have granted a continuance to give his attorney more time to prepare. We disagree.

"In both criminal and civil cases, the decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court." *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). This court does not disturb such a ruling absent a showing that the trial court either failed to exercise its discretion or manifestly abused its discretion. *Id.* A trial court's decision is manifestly unreasonable if exercised on untenable grounds or for untenable reasons. *Id.* In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure. *State v. Eller*, 84 Wn.2d 90, 95, 524 P.2d 242 (1974); RCW 10.46.080; CrR 3.3(f).

No. 55866-1-II

Assuming Woods' counsel moved the trial court for a continuance,[3] defense counsel expressly stated that she was prepared for trial and was ready to proceed on the scheduled timeline. Woods has pointed to nothing in the record showing that his counsel was not prepared for trial. Therefore, the court did not abuse its discretion in failing to grant a continuance.[4]

## CONCLUSION

We affirm Woods' conviction, but remand for the trial court to correct a scrivener's error on the statement of criminal history.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

VELJACIC, J.

---

[3] Although defense counsel said she was open to a continuance if the court were so inclined, her statements arguably fell short of an overt and direct motion for a continuance.

[4] Woods additionally refers to matters outside the record to argue that his attorney did not call witnesses that could attest to his self-defense or investigate his medical records. This court does not consider facts outside of the record, making Woods' arguments more appropriate for a personal restraint petition. *See McFarland*, 127 Wn.2d at 338.

11